[No. 2,424.]

## THOMAS UPTON v. JOHN ARCHER.

INSERTING NAME OF GRANTEE IN A DEED.—A deed, in due form, signed and acknowledged by the grantor, does not become his deed until the name of a grantee is inserted therein; and an agent of the grantor cannot insert the name of a grantee in the absence of the grantor, unless his authority is in writing.

DEED FRAUDULENT IN LAW.—If the grantor leave with his agent a deed, in due form, signed and acknowledged, with a blank left for the grantee, and the agent, without authority in writing and in the absence of the grantor, fill the blank with the name of a grantee and deliver it, the deed is fraudulent in law and void.

JUDGMENT ON FRAUDULENT DEED.—If a deed is fraudulent in law and void, the proper judgment is that the deed be canceled. The judgment should not direct the grantee to reconvey.

APPEAL from the District Court, Fifth District, San Joaquin County.

The Court below dismissed the complaint, and the plaintiff appealed.

The other facts are stated in the opinion.

*J. H. Budd,* for Appellant.

Webster could not, as the agent of plaintiff, grant any interest in or to the land described in the complaint to the

defendant, because not authorized in writing so to do. (Sec. 6 of the Act concerning fraudulent conveyances and contracts, passed April 19th, 1850, p. 266; *Gardner* v. *Gardner*, 5 Cush. Rep. 583; *Lloyd* v. *Titus*, 2 Johns. Rep. 430.)

*W. L. Dudley*, for Respondent.

We cannot see how the sixth section of the Statute of Frauds avails the plaintiff. It has no application to this case, because the interest granted in this land was by act of plaintiff himself. We admit that there is some conflict of authorities upon the question whether a parol authority is adequate to authorize an alteration or addition to a sealed instrument; but Mr. Justice Nelson, of the Supreme Court of the United States, in the case of *Drury* v. *Foster*, 2 Wallace's Reports, 24, in speaking of authority by parol to alter or add to a sealed instrument, says: "Although it was at one time doubted whether parol authority was sufficient, etc., the better opinion at this day is that the power is sufficient." In the case of *The Inhabitants of South Berwick* v. *Huntress et al.*, 53 Maine, 89, the Court held that "a party executing a deed, bond, or other instrument, and delivering the same to another as his deed, knowing that there are blanks in it to be filled, necessary to make it a perfect instrument, must be considered as agreeing that the blanks may be thus filled up after he has executed it." And in the same case the Court say: "It seems to be now well settled that where a party executes a deed, or bond, or other instrument, and delivers the same to another in an imperfect state, and gives authority to that person to fill up the blanks, and thus perfect the instrument, and he does so, its validity cannot be controverted. This authority may be by parol. It may be implied from the facts proved, when those facts fairly considered justify the inference." In this case will be found numerous authorities cited on this subject.

By the Court, RHODES, C. J.:

The plaintiff being the owner of the tracts of land described in the complaint, offered to sell the same to two certain persons, and before they had accepted the offer, he signed and acknowledged an instrument, in form a deed, sufficient to convey the lands, except that a blank was left for the insertion of the names of the proposed purchasers as the grantees. He left this instrument with Webster, and gave him verbal directions to fill the blank with the names of the proposed purchasers if they accepted the offer. During the absence of the plaintiff, Webster sold the lands to the defendant, on the same terms that the plaintiff had offered to sell them to the proposed purchasers from him, caused the name of the defendant to be inserted in the instrument above mentioned, delivered it to the defendant as the plaintiff's deed, and received and still retains the portion of purchase money which was paid in hand, and the defendant's promissory note payable to the plaintiff for the residue of the purchase money. Upon the plaintiff's return, he refused to receive from Webster the money or the note.

When that instrument was left with Webster by the plaintiff, it was not his deed, for the obvious reason that there was only one party to it. No one could convert it into his deed except the plaintiff himself, or some one by him thereto duly authorized; and as it could not become the plaintiff's deed until the name of a grantee was inserted, that act could not be performed by an agent, in the absence of the plaintiff, unless his authority was in writing. (Storey on Agency, Sec. 49, and notes; Dunlap's Paley on Agency, 157, and notes.) The case comes within the sixth section of the Statute of Frauds.

The plaintiff is entitled to judgment on the findings, but not to the judgment which he prayed for in his complaint—that the defendant be ordered to reconvey the premises to

the plaintiff—for the deed not being the deed of the plaintiff, the title to the premises did not pass to the defendant. But the plaintiff is entitled to a judgment ordering the deed to be canceled. It apparently conveys the title; but as to the plaintiff, it was at its inception, fraudulent in law and void, and it became and still remains a cloud upon his title.

Judgment reversed and cause remanded, with directions to enter a judgment, ordering the deed to be delivered up and canceled.

WALLACE, J., concurring specially:
I concur in the judgment.

Mr. Justice SPRAGUE expressed no opinion.