[L. A. No. 4746. Department Two.—March 10, 1919.]

IRA J. HARRIS et al., Appellants, v. SAMUEL BARLOW et al., Respondents.

[1] STATUTE OF FRAUDS—EXECUTION OF DEED IN BLANK—FILLING IN OF NAMES AND DESCRIPTION — WRITTEN AUTHORITY ESSENTIAL.— In view of section 1971 of the Code of Civil Procedure, requiring transfers of real property to be in writing, a notary public must have written authority, where a deed is executed and acknowledged while still in blank, to insert the names of the parties and the description of the property, notwithstanding the abolition of the distinction between sealed and unsealed instruments.

[2] ID.—CONSTRUCTION OF STATUTE—INCORPORATION IN CODE—CONCLUSIVE UPON COURT.—The supreme court is bound by the interpretation given by the court to the statute of 1850 (Stats. 1850, p. 266), which is now incorporated in section 1971 of the Code of Civil Procedure, requiring transfers of real property to be in writing.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank P. Doherty for Appellants.

Bert L. Cooper and A. L. Hickson for Respondents.

WILBUR, J.—This is an action in ejectment. Judgment was for the defendants, and plaintiffs appeal. Plaintiffs' alleged title is based upon a deed, executed, signed, and acknowledged while still in blank, in which, in pursuance of an oral authorization thereto, the notary inserted the names of the parties and the description of the property after the grantors had left, and during their absence. This deed was retained by him

in escrow and it is claimed that by reason of the transaction between the parties it was in effect delivered. While still in the possession of the escrow-holder, the grantors in said deed notified said escrow-holder not to deliver the same. Appellants claim that since the law abolishing the distinction between sealed and unsealed instruments (Civ. Code, sec. 1629), the oral authorization to the scrivener to insert the names of the parties and the description of the property was sufficient authority therefor. In *Upton* v. *Archer,* 41 Cal. 85, [10 Am. Rep. 266], the deed there under consideration was blank as to the grantee at the time it was signed. The court there said: ''As it could not become the plaintiff's deed until the name of a grantee was inserted, that act could not be performed by an agent, in the absence of the plaintiff, unless his authority was in writing. (Storey on Agency, sec. 49, and notes; Dunlap's Paley on Agency, 157, and notes.) [1] The case comes within the sixth section of the statute of frauds.'' That section then read as follows: ''No estate or interest in lands, other than for leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered, or declared, unless by act or operation of law, or by deed, or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering, or declaring the same, or by his lawful agent thereunto authorized by writing.'' (Stats. 1850, p. 266.) This same language is now incorporated in our Code of Civil Procedure, section 1971, with such slight changes as the use of the words ''interest in real property'' instead of the words ''interest in lands.'' [2] The provisions of this statute have been construed by this court, and the legislature having subsequently adopted the same language, we are bound by that interpretation. As to appellants' contention that the statute abolishing the distinction between sealed and unsealed instruments changes the rule, it is sufficient to say that the decision of *Upton* v. *Archer, supra,* was not based upon that distinction, but upon the provision of the statute of frauds above set forth.

The judgment is affirmed.

Lennon, J., and Melvin, J., concurred.