[Civ. No. 18002. First Dist., Div. Two. Jan. 13, 1960.]

MONTE CARLO MOTORS, INC. (a Corporation), Appellant, v. VOLKSWAGENWERK, G. M. B. H. (a Corporation) et al., Respondents.

Ralph Wertheimer, Small & Werthimer, Richard J. Werthimer, Jack Small and Antonio C. Velasquez for Appellant.

Frederic T. Leo and Elden C. Friel for Respondents.

DOOLING, Acting P. J.—Plaintiff, a California corporation, appeals from a judgment in favor of defendant, a West

German corporation, in an action for damages for breach of contract.

Defendant is the manufacturer of Volkswagen automobiles. In 1954 Riviera Motors Corporation was plaintiff's wholesale distributor of Volkswagens in Northern California and plaintiff, under a contract with Riviera, had the sole retail agency for the sale of Volkswagens in San Francisco.

On March 15, 1954, Gottfried Lange, a representative of defendant, met with William Whittington, the president of plaintiff corporation, and stated to Whittington that he was dissatisfied with the representation of Riviera Motors Corporation and was interested in the possibility of giving the wholesale distributorship of Volkswagens to plaintiff. Lange requested information about plaintiff's financial position and on March 17 by arrangement with Whittington he met with an official of the bank with which plaintiff did business to learn more of plaintiff's financial status. Later the same day Lange met with Whittington and another officer of plaintiff and entered into an oral agreement with them which is the basis of this action. At the same time Lange exhibited to them a printed form of "Distributor's Agreement," signed by the defendant's general manager in Germany, with a blank for the insertion of the name of the other party to the contract and other blank spaces including a blank space at the bottom for such party's signature. He represented that this was the same type of contract as he had just given to the Volkswagen distributor in Los Angeles and promised that he would fill it in and deliver it to them on his return from a trip that he was taking to the southwest. On his return, however, after a few days delay, Lange stated that he had decided to retain Riviera as the Volkswagen distributor. In the meantime, at Lange's request, plaintiff corporation had expended money and taken other actions to its disadvantage. The oral contract was admittedly one not to be performed within a year and hence required by the statute of frauds to be in writing. (Civ. Code, § 1624, subd. 1.) Under these circumstances the defense of the statute of frauds could only be avoided by plaintiff establishing that defendant was estopped to assert it.

During the trial, on defendant's motion, to which plaintiff made no objection, the trial court reserved to itself the decision of the questions whether defendant was estopped to

assert the defenses that Lange had no written authority (Civ. Code, § 2309) and that the contract was not in writing (Civ. Code, § 1624, subd. 1), on the theory that these were equitable questions. The case on all other issues was submitted to the jury which brought in a verdict for plaintiff for $145,000. In response to special interrogatories the jury found that a contract, as pleaded, was entered into on March 17, 1954, for a fixed term.

The trial court found that defendant was not estopped to assert the two defenses reserved and entered judgment for defendant.

The evidence most favorable to the defendant upon these issues, which under the settled rule we must accept as true on appeal, is that Lange had authority to investigate and recommend persons or corporations in the United States to defendant as distributors for Volkswagens, but had no authority either oral or in writing to enter into any contract for defendant; and that all such contracts were and had been executed by the authorized representatives of defendant in Germany. Lange testified as to the printed ''Distributor's Agreement'' shown to plaintiff's officers that these had been entrusted to him with authority to fill one in and deliver it to defendant's Los Angeles distributor and to fill another in and deliver it to defendant's Seattle distributor and that he had no authority to use such forms for any other purpose. The evidence also showed that defendant had no knowledge of Lange's oral contract with plaintiff until after this action was brought.

Lange's representation to plaintiff cannot standing alone estop the defendant to rely on the statute of frauds, since the agent by his conduct alone cannot estop his principal and the estoppel can only arise out of reasonable reliance upon some conduct of the principal himself. (*Boren* v. *State Personnel Board,* 37 Cal.2d 634, 643 [234 P.2d 981]; *Harris* v. *San Diego Flume Co.,* 87 Cal. 526, 528 [25 P. 758]; *Imperial-Yuma etc. Credit Assn.* v. *Shields,* 99 Cal. App.2d 546, 551 [222 P.2d 148]; *Christian* v. *Rice Growers Assn.,* 50 Cal.App.2d 617, 621 [123 P.2d 534].) No act or conduct of the defendant or its executive officers of which plaintiff had knowledge or upon which it relied in entering into the oral contract with Lange is pointed out by plaintiff, except the entrusting of the ''Distributor's Agreement'' exe-

cuted in blank to Lange, and the trial court found that there was none.

 The mere possession by Lange of a contract executed by defendant with blank spaces unfilled was not sufficient to constitute an estoppel to deny his authority to fill them in such a manner as to constitute a contract with plain- [██] The rule is thus stated in 1 Restatement Agency 2d, section 31(2) : "If a principal entrusts to an agent an executed document containing blanks, and the agent fills the blanks without authority and delivers the document to a third person, who changes his position in reliance thereon *without notice that the principal did not fill the blanks before execution of the instrument,* the principal is subject to liability to the third person as if the instrument had been completed by the principal or by an agent properly authorized to fill the blanks." (Emphasis ours.)

 The emphasized language distinguishes our case since admittedly plaintiff's officers had knowledge that the principal had not filled in the blanks before signing the document.

In the case of a contract within the statute of frauds an additional reason exists for holding that the possession of such contract executed in blank cannot estop the principal to deny the agent's authority to fill in the blanks where the other party has knowledge of the blanks in the executed document. Our cases hold that the authority of an agent to fill such blanks must be in writing where the document itself is required to be in writing by the statute of frauds. (*Trout* v. *Taylor,* 220 Cal. 652 [32 P.2d 968] ; *Harris* v. *Barlow,* 180 Cal. 142 [179 P. 682] ; *Upton* v. *Archer,* 41 Cal. 85 [10 Am.Rep. 266].) These cases deal with deeds but the decisions do not turn on any distinction between deeds and contracts, but rest squarely on the fact that deeds fall within the statute of frauds. So in *Harris* v. *Barlow, supra,* 180 Cal. at page 143, the court said: "As to appellants' contention that the statute abolishing the distinction between sealed and unsealed instruments changes the rule, it is sufficient to say that the decision of *Upton* v. *Archer, supra,* was not based upon that distinction, *but upon the provision of the statute of frauds* above set forth." (Emphasis ours.)

 The rule logically applies equally to all instruments covered by the statute of frauds in view of the fact that

112

the agent's authority to execute every such instrument is equally required to be in writing. (Civ. Code, § 2309.) It follows that where the third party is on notice that there are blanks in such an instrument which the agent can only fill in if his authority is in writing the mere possession of such incompleted document by the agent could not estop the principal. It is only where the agent fills in the blanks and delivers the completed instrument to the other party without his knowledge that the blanks were not filled when the principal executed it that the estoppel arises. (Rest. Agency 2d § 31(2); *Dolbeer* v. *Livingston,* 100 Cal. 617 [35 P. 328].)

Appellant's attempted reliance on ostensible authority cannot aid it since ostensible authority depends on the establishment of an estoppel. (*Hobart* v. *Hobart Estate Co.,* 26 Cal.2d 412, 451 [159 P.2d 958].)

Judgment affirmed.

Draper, J., and Stone, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.