[Civ. No. 28692.  Second Dist., Div. Three.  Aug. 26, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. NATIONAL AUTOMOBILE AND CASUALTY INSURANCE COMPANY, Defendant and Appellant.

Joseph Joblin and Irvin Goldstein for Defendant and Appellant.

Harold W. Kennedy, County Counsel, and Martin E. Weekes, Deputy County Counsel, for Plaintiff and Respondent.

SHINN, P. J.—National Automobile and Casualty Company appeals from an order refusing to vacate an order forfeiting bail when its principal, Langlois, failed to appear in execution of judgment. Langlois' conviction of felony had been affirmed and December 16, 1963, had been fixed as the time for sentence. When Langlois failed to appear, his bail was ordered forfeited and a bench warrant was issued. The warrant was not executed but on January 3 Langlois appeared with his surety, offered an excuse for his former failure to appear, the order forfeiting bail was vacated, bail was exonerated, Langlois was committed and the matter was continued to January 8th. Upon this date Langlois appeared with his attorney. A supplemental probation report was ordered and a minute order was entered ''Bail set $5,000 plus penalty assessment. Bail reinstated upon reassumption'' and, as stated in the reporter's transcript ''if the bonding company will assume liability on the bond, bail will be set at $5,000.00.'' The matter was continued to January 29, an agreement executed by the surety was filed by the attorney for the defendant and he was released. January 29 the defendant failed to appear and an order was entered forfeiting bail. On June 10, the court entered its order denying appellant's motion to set aside the forfeiture. The appeal is from this order.

Appellant advances two contentions: the court was without jurisdiction to release the defendant on bail after he had been committed in execution of judgment and the purported resumption of liability was void; also that the attorney for the defendant had no authority to file the agreement of the surety.

For the first proposition appellant contends that the court has no power to admit to bail in any situation for which bail is not specifically authorized by the Penal Code; there is no authority to grant bail after a defendant has been committed upon his appearance for execution of judgment. The court's authority was exceeded and consequently the agreement of the surety was void.

The People contend that authority to grant bail exists in all

situations except those for which the right to bail is expressly denied by law. We agree with this contention of the People.

Appellant contends, correctly, that when a defendant fails to appear for execution of judgment and his bail is forfeited for that reason the court must order that he be committed, and there is no express provision for the grant of bail to one thus committed. Section 1313[1] of the Penal Code provides for such commitment and makes no provision for bail. Appellant says that where bail is forfeited for a reason other than the failure to appear for execution of judgment bail may be granted. Section 1314 so provides.[2] Appellant then argues that the absence of a provision for bail where bail has been forfeited for failure to appear for sentence implies that bail may not be granted. As previously stated, we are of the opinion that the law is contrary to this contention.

The policy of the state is declared in section 6 of article I of the California Constitution and section 1270 of the Penal Code. A defendant charged with a capital offense cannot be admitted to bail '' [W]hen the proof of his guilt is evident or the presumption thereof great.'' Section 1271 reads: ''If the charge is for any other offense, he may be admitted to bail before conviction, as a matter of right.'' Section 1272 reads: ''After conviction of an offense not punishable with death, a defendant who has appealed may be admitted to bail: 1. As a matter of right, when the appeal is from a judgment imposing a fine only. 2. As a matter of right, when the appeal is from a judgment imposing imprisonment in cases of misdemeanor. 3. As a matter of discretion in all other cases.''

Since Langlois had been convicted of pimping and pandering, which are not capital offenses, he could be admitted to bail in the discretion of the court.

In the absence of any limiting language, the authority of the court in cases of bailable offenses exists in all stages of the case. Commitment of the defendant prior to pronouncement of sentence does not end the court's authority. One who is on bail may be ordered into custody when he appears for trial (§ 1129, Pen. Code) but the deprivation of the right to bail would only be temporary. And we do not find any reason

---

[1] ''If the order recites, as the ground upon which it is made, the failure of the defendant to appear for judgment upon conviction, the defendant must be committed according to the requirement of the order.''

[2] ''If the order be made for any other cause, and the offense is bailable, the Court may fix the amount of bail, and may cause a direction to be inserted in the order that the defendant be admitted to bail in the sum fixed, which must be specified in the order.''

for distinguishing between ordering a defendant into custody as a matter of discretion and as a mandatory duty, under section 1313, with respect to the authority to grant bail. If we were to assume that there might be situations in which a limitation upon the discretionary power of the court to grant bail should be inferred, (although we have no such situation in mind) we do not find in the mandatory requirement of section 1313 any support for the contention of appellant. The section does not relate to the matter of bail.

In 1872, when sections 1313 and 1314 were enacted, it was recognized that one whose bail was forfeited upon his failure to appear for arraignment or in other early stages of the case should not be required to suffer confinement until the case was disposed of. Section 1314 merely made it certain that forfeiture of bail in such circumstances would not exhaust a defendant's right to bail. But where a defendant failed to appear for sentence and his bail was forfeited the situation was quite different. He would be brought to court and promptly sentenced. No provision was made for bail in section 1313, not because the defendant should be denied bail, which it did not do, but because he would have no need for it. The problem is too simple to require or even to justify elaborate discussion.

When a defendant has been convicted the time for imposition of sentence may be extended until any proceedings for granting or denying probation have been disposed of (§ 1191, Pen. Code). ▪ Nothing short of legislative mandate could deprive the court of the power to admit a defendant to bail while probation proceedings were pending. ▪ The order admitting Langlois to bail upon resumption of liability by the surety was within the court's discretionary powers.

▪ The final contention of appellant is that the attorney who filled in blanks in the agreement to resume liability and filed the agreement had no authority to act for the company in that matter. Evidence was received upon this issue June 10, 1964, in the hearing of appellant's motion for vacation of the order of forfeiture of January 29. The evidence was sharply conflicting; the attorney testified he had been given specific authority to fill in blanks in a form of agreement he had and to file the same. The form bore the signature of Harry Goldstein, an attorney in fact for the company. He filed an affidavit denying that he had authorized the attorney to make use of this agreement by filling in blanks and filing it. The attorney testified that he had that form with him and that he filled it out and delivered it to the clerk of the court. Since the

company furnished the form to the attorney and thus held him out as its agent for delivery of the reassumption of liability agreement to the court as the means of procuring the release of a prisoner on bail, the company cannot escape responsibility for the attorney's act. (See *Monte Carlo Motors, Inc.* v. *Volkswagenwerk,* 177 Cal.App.2d 107, 111, 112 [1 Cal.Rptr. 920].) ■■■ While the blanks on the form for the date were not filled in, that fact is of no consequence with respect to the validity of the agreement, the controlling date being the actual date of delivery to the clerk of the court. That it was so delivered on January 8, 1964, is eivdenced by the filing stamp placed thereon by the clerk. Appellant's liability on the bond was clearly established.

The order is affirmed.

Ford, J., and Kaus, J., concurred.

A petition for a rehearing was denied September 26, 1966, and appellant's petition for a hearing by the Supreme Court was denied October 19, 1966.