585 P.2d 954

**Delbert K. ARGYLE and Dora B. Argyle, husband and wife, Plaintiffs-Appellants,**

v.

**R. W. SLEMAKER and Ruth Slemaker, husband and wife, et al., Defendants-Respondents.**

No. 12641.

Supreme Court of Idaho.

Oct. 20, 1978.

Isaac McDougall, Pocatello, for plaintiffs-appellants.

Wallace M. Transtrum of Transtrum & Budge, Soda Springs, for defendants-respondents.

McFADDEN, Justice.

This appeal involves an action to cancel a deed granting a fifteen-sixteenth (15/16) interest in gas, oil and other mineral rights and to quiet title in property owned by plaintiffs-appellants Delbert and Dora Argyle. Appellants sought to set aside the deed, alleging that: (1) the deed is void because there was no description of the property conveyed prior to delivery, i. e. that the descriptive portion of the form was blank prior to delivery; (2) the deed was fraudulently procured; and (3) the signature of appellant Dora Argyle was forged. The district court entered summary judgment in favor of the grantees of the mineral deed, defendants-respondents R. W. Slemaker, Jr., executor of R. W. Slemaker, Sr., deceased, and Ruth Slemaker, and their grantee, defendant-respondent Wiser Oil

Company. This appeal is from that judgment.[1]

On a motion for summary judgment

. . . it is well recognized that the facts are to be liberally construed in favor of the party opposing the motion and he is given the benefit of all favorable inferences which might be reasonably drawn from the evidence.

*Farmer's Ins. Co. of Idaho v. Brown*, 97 Idaho 380, 381, 544 P.2d 1150, 1151 (1976). Summary judgment can be granted only "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c).

On this appeal the narrow question presented is whether the district court erred in granting summary judgment either because the evidence, when construed in the light most favorable to appellants, presents a genuine issue of material fact or shows that respondents are not entitled to judgment as a matter of law. If either condition is satisfied, summary judgment was improper and must be reversed. Because of the court's disposition of the case, only the claim that the deed was void for lack of description need be considered on this appeal.

In *Dahlberg v. Johnson's Estate*, 70 Idaho 51, 211 P.2d 764, 768 (1949), this court addressed the validity of a blank deed where the property description was inserted after delivery:

The mere fact that the description inserted in a blank deed after delivery is the description of the property which the grantors had in mind at the time the deed was signed, is not sufficient to validate a deed in fact signed in blank.

"Where a deed contains a blank as to, or in, the description of the property, and such blank is not filled in before delivery, the deed is void." 26 C.J.S., Deeds, § 30, p. 222.

"A deed is inoperative to convey any property where it is delivered in blank as to the land intended to be conveyed and no authority is given to the grantee to fill in descriptive data. Moreover, it has been said that such authority cannot be given by parole and that a deed with a description filled in in pursuance of oral authority is void by reason of the statute of frauds." 16 Am.Jur. 584–5.

In the case of *Jones v. Coulter*, 75 Cal.App. 540, 243 P. 487, the grantor signed two blank deeds and orally authorized the filling in of the name of the grantee and the descriptions of the properties. In holding such deeds void, 243 P. on page 490, the court said: "Though the decisions of other jurisdictions are not in entire harmony upon the question, it has been definitely decided in this state that under our statute of frauds the name of the grantor or grantee or a description of the property cannot be inserted by an agent for the grantor, in the absence of the latter, unless the agent's authority be in writing. If the authority of the agent be not in writing, his insertion of the name of grantor or grantee or description of the property does not pass the title. *Upton v. Archer*, 41 Cal. 85, 10 Am.Rep. 266; *Vaca Valley & C. R. R. v. Mansfield*, supra (84 Cal. 560, 566, 24 P. 145, 147); *Harris v. Barlow*, 180 Cal. 142, 179 P. 682. See, also *Lund v. Thackery*, 18 S.D. 113, 99 N.W. 856."

See also, *Barth v. Barth*, 19 Wash.2d 543, 143 P.2d 542; *Utah State Building & Loan Ass'n v. Perkins*, 53 Utah 474, 173 P. 950; *Glasscock v. Farmers Royalty Holding Co.*, 5 Cir., 152 F.2d 537.

Appellant Delbert Argyle stated in his deposition that the mineral deed was blank when it was executed and that its description was inserted after delivery.

Q. Now, you say the document [mineral deed] was blank. Was it entirely blank?

---

1. Appellants' complaint also requested punitive damages and attorney fees; these claims, however, were stricken by the district court on April 12, 1976, and appellants appealed only the summary judgment entered on March 9, 1977. This appeal, therefore, does not involve these claims.

A. Well, as far as the description and things like that, why, yes.

Q. The description was left out?

A. Yes, sir.

Q. Were the rest of the blanks filled, to the best of your knowledge?

A. To the best of my knowledge nothing was on it other than just the document and then the blanks were filled in.

.   .   .   .   .

A. I don't recall whether he gave me the copy then or whether it was mailed to me later in the mail. I think it was mailed to me later in the mail, in fact I know that it was, because there was no legal description on it at all and the copy which I have now is printed on a paper that is stuck to the document [mineral deed].

.   .   .   .   .

Q. About how long afterwards [after execution and delivery to the grantees] did you receive it, do you recall?

.   .   .   .   .

A. Oh, . . . it would be within a year.

It is apparent from an examination of the mineral deed, Deposition Exhibit No. 1, that the description was typed on a separate piece of paper and then attached to the deed. Although it does not appear when the description was attached, respondents introduced no evidence showing that the deed contained a legal description on the date of delivery. That the deed's description was blank upon delivery is therefore uncontradicted and respondents introduced no evidence showing that the grantees had received written authorization to complete the deed's description after delivery. Based on this record, the district court erred in granting respondents' motion for summary judgment. Assuming appellants are able to prove at trial that the deed was in fact delivered in blank, they may be entitled to set aside the deed. Viewing the evidence in the light most favorable to appellants, as the court must on this appeal, respondents were not entitled to summary judgment, unless appellants' claims were otherwise barred as a matter of law.

Respondents argue that summary judgment was proper in this case because appellants' testimony concerning the deed is barred by I.C. § 9–202(3), the Idaho Dead Man's Statute. That statute provides in part:

9–202. *Who may not testify.*—The following persons cannot be witnesses:

.   .   .   .   .

3. Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted against an executor or administrator, upon a claim or demand against the estate of a deceased person, *as to any communication or agreement, not in writing, occurring before the death of such deceased person.*

(Emphasis added.) From an examination of I.C. § 9–202(3) it appears that the statute bars (1) certain persons from testifying (2) in specified actions (3) as to certain communications. All three portions of I.C. § 9–202(3) must be satisfied in order for the evidence to be barred. Respondents argue that I.C. § 9–202(3) prohibits the admission of evidence concerning communications with R. W. Slemaker, Sr., or his agent, prior to their deaths. However it is the conclusion of this court that the appellant Delbert Argyle's deposition testimony is not barred in the instant case. Even assuming that the first two conditions of I.C. § 9–202(3) are satisfied, the third portion of the statute clearly is not. Statements concerning the state of the deed's description upon delivery, do *not* involve a "communication or agreement, not in writing." I.C. § 9–202(3). Although testimony concerning oral agreements is barred in appropriate cases, I.C. § 9–202(3) does not bar testimony concerning a state of affairs or matters of fact occurring before the decedent's death. *Quayle v. Mackert*, 92 Idaho 563, 447 P.2d 679 (1968); *Dowd v. Estate of Dowd*, 62 Idaho 157, 108 P.2d 287 (1941); *Hubbard v. Ball*, 59 Idaho 78, 81 P.2d 73 (1938). An additional reason for holding that the evidence was not barred is that I.C. § 9–202(3) prohibits testimony introduced against the

estate of a deceased person; it does not prohibit the admissibility of this evidence as against respondent Wiser Oil Company, a corporation. Appellant Delbert Argyle's deposition testimony, therefore, was not inadmissible under I.C. § 9–202(3).

Respondents argue that summary judgment was nevertheless proper because appellants claim is based on fraud and is barred by the three year statute of limitations, I.C. § 5–218. Respondents maintain that appellants seek to set aside the deed primarily on the basis of its alleged fraudulent procurement; they argue that the alleged fraud was either discovered or reasonably should have been discovered by appellants more than three years before commencement of the action. Even accepting respondents' argument, an issue the court expressly declines to address, summary judgment on an action to set aside a deed alleged to have been delivered in blank was improper. A void deed is one that is invalid for any purpose, ineffective to convey legal title and unenforceable at law. 23 Am. Jur.2d *Deeds* § 137 (1965). Statutes of limitation are generally held to be inapplicable in actions brought by a landowner in possession seeking to quiet title and to set aside a void deed:

> A Statute of Limitations is one of repose designed to put an end to stale claims and was never intended to compel resort to legal remedies by one who is in complete enjoyment of all he claims, Cooley on Constitutional Limitations, p. 366, nor may it be used to transfer property from the true owner to a stranger simply because the void tax deed was not challenged within six years from the date of recording. *Cromwell v. MacLean*, 123 N.Y. 474, 25 N.E. 932. Courts in sister States have applied the same principle, *Campbell v. City of Plymouth*, 293 Mich. 84, 291 N.W. 231; *Warren v. Indiana Telephone Co.*, 217 Ind. 93, 26 N.E.2d 399, which is reflected by leading text writers. 3 Cooley on Taxation (4th ed.), § 1382; Blackwell on Tax Titles (5th ed.), § 155, and Burroughs on Taxation, p. 301.
>
> The logic of such a view is inescapably correct, for otherwise the recording of the deed resulting from such a proceeding would transform the owner's absolute title in fee simple into a right of action only, the exercise of which is subject to time limitation. The tax deeds constituted a cloud on plaintiff's title which should be removed. When void tax deeds are attempted to be made prima facie evidence of the regularity of the proceedings, equity will interfere to permit removal as a cloud on title, *Rich v. Braxton*, 158 U.S. 375, 15 S.Ct. 1006, 39 L.Ed. 1022; *Clark v. Davenport*, 95 N.Y. 477; *Trumbull v. Palmer*, 104 App.Div. 51, 93 N.Y.S. 349, which right may be invoked by *the owner in possession* at any time as "such a right is never barred by the statute of limitations. It is a continuing right which exists as long as there is an occasion for its exercise." *Ford v. Clendenin*, 215 N.Y. 10, 16, 109 N.E. 124, 126.

(Emphasis added.) *Cameron Estates v. Deering*, 308 N.Y. 24, 123 N.E.2d 621, 624 (1954). *See also Heppler v. Esther*, 534 S.W.2d 533 (Mo.App.1976); *Pettus v. City of St. Louis*, 328 S.W.2d 636 (Mo.1959); *Slaughter v. Qualls*, 149 S.W.2d 651 (Tex. Civ.App.1941). The action to quiet title and to set aside the alleged void deed was not barred by I.C. § 5–218 nor any other statute of limitations and summary judgment on this ground was improper.

The summary judgment is reversed and the cause is remanded to the district court for further proceedings consistent with this opinion. Costs to appellants.

SHEPARD, C. J., and DONALDSON and BISTLINE, JJ., concur.

BAKES, J., concurs in the result.