592 P.2d 1367

Gordon J. SINES and Betty J. Sines, husband and wife, and Tom Sines, Plaintiffs-Respondents,

v.

Albert E. BLASER and Ruth L. Blaser, together with all unknown owners of all or any part of the following described real property situated in the County of Canyon, State of Idaho, and described as follows, to-wit, The East 40.5 feet of Lot 9, all of Lots 10, 11, 12, 13, 14, 15 and the West 52.5 feet of Lot 16, Block 6 Resubdivision of Lots 14, 15, and 16 in Block 1 and all Block 6 Vanal Heights according to the Plat thereof filed August 21, 1973, in Book 13 of Plats at page 8, in the office of the County Recorder, Canyon County, Idaho, Formerly Known as Lots 8, 9, 10, 11, 12 and 13 in Block 6 Vanal Heights Subdivision, according to the Plat of said Subdivision filed June 23, 1960, in Book 6 of Plats at page 1, in the office of the County Recorder, Canyon County, Idaho Except Mineral Rights Reserved by State of Idaho in State Deed, Defendants-Appellants.

No. 12787.

Supreme Court of Idaho.

April 4, 1979.

Jon N. Wyman of Wyman & Wyman, Boise, for defendants-appellants.

Richard Rosenberry of Rettig, Rosenberry & Roberts, Caldwell, for plaintiffs-respondents.

SCOGGIN, Judge, Pro Tem.

This case is before this court for the second time. In the prior appeal, *Sines v. Blaser*, 98 Idaho 435, 566 P.2d 758 (1977), we addressed a procedural issue unrelated to this appeal. On this appeal the issue before the court is whether sufficient notice was given to defendants-appellants Albert E. and Ruth L. Blaser before Canyon County took certain parcels of their real property by tax deed. The facts relevant to this appeal are as follows: Defendants-appellants acquired the Canyon County property

in question by deed dated March 30, 1967, in which the grantees named were "Albert E. Blaser and Ruth L. Blaser, husband and wife." The Blasers failed to pay taxes on the real property for the years 1967, 1968, 1969 and 1970. In April 1970, the Canyon County Treasurer sent Albert E. Blaser an informal notice of delinquent taxes due. In August, 1970, formal notification of pending issue of tax deed was sent to Mr. Albert E. Blaser by certified mail. When the certified letter was returned unclaimed, a notice containing the name of Albert E. Blaser was published in the Idaho Free Press. On January 4, 1971, the County took the property by tax deed. Newspaper publication was also made prior to the time when the property was sold to plaintiffs-respondents Gordon and Betty Sines, husband and wife, and Tom Sines, at a tax sale on August 15, 1972. Record title was conveyed to the Sineses on August 6, 1973.

The Sineses instituted this quiet title action in October, 1973, because the Blasers had filed a vendor's lien against the property. At trial, the Blasers argued that the passing of title at the tax sale was void because the County failed to give them notice as required by I.C. § 63–1134.[1] According to the Blasers, the County Treasurer failed to exercise due diligence by resorting to notice by publication without any follow-up efforts to find and notify the Blasers personally after the single formal notice by certified mail was returned unclaimed. The Blasers also argued that notice was defective because no separate attempt was made to notify Ruth L. Blaser, the co-owner of the property. It was uncontradicted at trial that the Blasers have lived at the same address for over 25 years, owned many parcels of land in Canyon County, and were personally known to and had dealings with the County Treasurer throughout the entire period in question. Moreover, it was uncontested that no separate attempt was made to notify Ruth L. Blaser, the co-owner of the property.

■ The trial court found that "all notices and proceedings for taking a tax deed

---

1. I.C. § 63 1134 states

Issuance of tax deed—Notice.—The county treasurer as ex officio tax collector shall serve or cause to be served by registered or certified mail with return receipt demanded, written or printed or partly written and partly printed notice on the person or persons in whose name the land or lot stands upon the records in the recorder's office. Said notice shall be served at least three (3) months and not more than five (5) months before the date upon which tax deed will issue.

The notice shall state when the delinquency entry was made, in whose name the property was assessed, the description of the land or lot, or in lieu of the description of the land or lot the registered tax number used in assessing the same, for what year taxes are specially assessed, and when deed will issue to the county. The treasurer shall at the same time send a similar notice by registered or certified mail to each mortgagee or other holder of a recorded lien against such land in every case where such mortgagee or lienholder has previously filed in the office of the treasurer a written request for such notice. Any mortgagee or holder of a recorded lien upon real estate may file a request for such notice in the office of the treasurer of the county wherein the real estate is situated which request shall include the name and address of the mortgagee, the name and address of the reputed owner of the land, the description of the land, and the date of expiration of the mortgage or lien, and notice need not be sent after the date of expiration of the mortgage or lien unless a further request therefor be duly filed. If the mortgagee or lienholder shall furnish a duplicate form of request, for the purpose, the treasurer shall certify thereon to the filing of the request, and deliver or mail same to the party filing it. At the time of sending notice, the treasurer shall file for record in the office of the county recorder a record of the sending of such notice or notices. If after diligent search and inquiry the treasurer is unable to locate and serve the record owner of the land or lot by registered or certified mail, then the treasurer shall publish a notice of all such delinquency entries not served by registered or certified mail in the official newspaper printed in such county and if no newspaper is printed in the county, then in a newspaper published in the state of Idaho nearest said land or lots, which notice shall be published once a week for three (3) consecutive weeks, in either a weekly or a twice weekly or a daily newspaper, but in event such publication be in a twice weekly or a daily newspaper, publication shall be made on the same day of the week. The commencement of such publications shall be not more than five (5) months before, and in any event must be completed three (3) months before the date upon which the tax deed will issue.

for delinquent taxes against the defendants [Blasers] were duly and properly taken by the county officials involved . . ." and a final judgment quieting title to the real property in the Sineses was entered following the resolution of the prior appeal referred to above. Thereafter counsel for the Blasers filed a notice of appeal from the district court's judgment but the notice failed to comply with the requirements of I.A.R. 17. When informed of this fact by the district court clerk, the Blasers' counsel filed an amended notice of appeal which was also defective in several respects. Although we have given serious consideration to respondents' motion to dismiss this appeal because of the defective notice of appeal, we nevertheless conclude that the substantive issue before us is of such importance that the motion to dismiss must be denied. However, our decision to reach the merits of this case does not mean that we approve of counsel's disregard of the Idaho Appellate Rules and we urge adherence to them in all appeals to this court.

The basic issue presented on appeal is whether there was sufficient compliance with the notice provisions of I.C. § 63–1134. The Blasers argue that the Canyon County tax sale failed to pass title to the Sineses because notice was defective in three respects. Because of this court's disposition of the case, we need only consider the Blasers' claim that notice was defective because no separate attempt was made to notify Ruth L. Blaser of the pending issue of tax deed.

■ According to I.C. § 63–1133, a county is not entitled to a tax deed until the notice requirements of I.C. § 63–1134 have been satisfied. As to who is entitled to notice of pending issue of tax deed, I.C. § 63–1134 states in relevant part:

Issuance of tax deed—Notice.—The county treasurer as ex officio tax collector shall serve or cause to be served by registered or certified mail with return receipt demanded, written or printed or partly written and partly printed notice

on the *person or persons in whose name* the *land or lot stands upon the records in the recorder's office.* . . .

Emphasis added. When two or more record owners of property reside at the same address, a single notice addressed to all of them is sufficient compliance with the above statute. The giving of such notice is mandatory and the lack of it a fatal defect even though the owner of the property otherwise had actual notice. *Lawyer v. Sams*, 72 Idaho 101, 105, 237 P.2d 606, 609 (1951); *Johnson v. Welch*, 48 Idaho 284, 281 P. 748 (1929); *Dickerson v. Hansen*, 32 Idaho 18, 177 P. 760 (1918); *Rice v. Rock*, 26 Idaho 552, 144 P. 786 (1914); *Armstrong v. Jarron*, 21 Idaho 747, 125 P. 170 (1912).

■ In the instant case the Blasers' warranty deed to the property at issue (appellants' exhibit 13) reveals that both Albert E. Blaser and Ruth L. Blaser were listed as owners of the property on the recorder's office records. Thus, I.C. § 63–1134 required that notice be sent to both Albert E. and Ruth L. Blaser. Canyon County was not entitled to a tax deed for the Blasers' property until such notice was given. I.C. § 63–1133. Consequently, the deed Canyon County executed to the Sineses was void.

■ Respondents claim that Ruth L. Blaser either waived notice or is estopped from asserting the defense of lack of notice. This court finds nothing in the record to indicate that either the issue of waiver or estoppel was presented to the trial court. Issues not presented to the trial court will not be considered on appeal. *Mitchell v. Siqueiros*, 99 Idaho 396, 582 P.2d 1074 (1978); *Bair v. Barron*, 97 Idaho 26, 539 P.2d 578 (1975); *Dunn v. Baugh*, 95 Idaho 236, 506 P.2d 463 (1973); *Willows v. City of Lewiston*, 93 Idaho 337, 461 P.2d 120 (1969); *Williams v. Havens*, 92 Idaho 439, 444 P.2d 132 (1968); *Frasier v. Carter*, 92 Idaho 79, 437 P.2d 32 (1968).

Judgment reversed and remanded for further proceedings consistent with this opinion.

BISTLINE, J., and SCHROEDER, J., Pro Tem. concur.

DONALDSON, J., concurs in the result.

SHEPARD, C. J., dissents, without opinion.