# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 43603

G. LANCE SALLADAY, as Personal
Representative for, and on behalf of, the
Estate of Roger John Troutner,

    Plaintiff-Respondent,

v.

ERIC BOWEN and KATHRYN BOWEN,
husband and wife,

    Defendants-Appellants,

and

CALDWELL IRRIGATION LATERAL
DISTRICT,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, December 2016 Term

2017 Opinion No. 5

Filed: January 23, 2017

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Third Judicial District, State of Idaho,
Canyon County. Hon. Molly J. Huskey, District Judge.

District court order remanding case to irrigation district, reversed and remanded.

O'Connor Law, PLLC, Boise, for appellants. William J. O'Connor argued.

Strother Law Office, Boise, for respondent. Jeffrey A. Strother argued.

---

BURDICK, Chief Justice

Eric and Kathryn Bowen (Bowens) purchased property located at 615 E. Chicago Street, Caldwell, Idaho, through a tax deed sale conducted by the Caldwell Irrigation Lateral District (CILD). G. Lance Salladay brought suit arguing that the sale was void because the property was part of the Estate of Roger Troutner (the Estate), and Salladay, as personal representative of the Estate, was entitled to notice of the sale and never received such notice. The Canyon County district court ruled that Salladay was entitled to notice and since he had not received notice of the sale there was no final decision regarding issuance of the deed as required by Idaho Code section

43-719(2). The district court then remanded the case to CILD. On appeal, Bowens argue the district court erred in its determination that Salladay was entitled to notice and that even if Salladay was entitled to notice, his petition to the district court was untimely.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Sometime prior to February 7, 2012, Salladay and Kelly Joe Stroud entered into a contract for the sale of the property at 615 E. Chicago Street. On February 7, 2012, a Memorandum of Sale (Memorandum) was recorded with the Canyon County Recorder. The Memorandum stated that Kelly Joe Stroud was the purchaser of the property and assuming compliance with the contract, the sale would "vest" in April 2017. The Memorandum was notarized and signed by Salladay but not Stroud. No other documents relating to the sale or ownership of the property prior to the issuance of the tax deed are in the record on appeal.

Due to a tax deficiency, CILD issued a tax deed for the property on July 14, 2014. CILD provided written notice of the issuance of the tax deed and its sale to Stroud and also provided notice via newspaper publication. No other notice was provided. On December 16, 2014, CILD conducted the tax deed sale and accepted a bid from Eric Bowen for the property. Thereafter, CILD assigned the property to Bowens, and the Bowens recorded their tax deed on December 19, 2014.

On January 5, 2015, Salladay filed a petition with the district court to reverse CILD's assignment of the tax deed to Bowens and to clear title. A hearing was held on May 14, 2015. In district court, Salladay argued that because he did not have notice the tax deed should never have been issued and, therefore, was void ab initio. Bowens argued the Memorandum was not properly recorded and as such CILD was not required to provide notice of the sale to Salladay because he was not the record owner. Therefore, Bowens argued, because no notice was required to be given to Salladay, the tax deed was properly issued and subsequently purchased by Bowens. The district court ruled that because Salladay did not receive notice, Salladay was entitled under Idaho Code section 43-719(4) to seek a hearing in front of CILD and request a final decision regarding the issuance of the tax deed. Bowens then filed a motion for reconsideration. The district court held a hearing on the motion for reconsideration and thereafter issued a written decision denying the motion. In its decision denying the motion to reconsider, the district court ruled that the Memorandum was properly recorded and that even if it was not

2

properly recorded CILD was still required to provide notice of the tax deed sale to Salladay. Bowens timely appeal.

## II.    STANDARD OF REVIEW

This case centers on whether CILD violated the notice requirements of Idaho Code section 43-717 when it issued a tax deed for the property located at 615 E. Chicago Street. "This Court exercises free review over questions regarding whether the board has violated a statutory provision, which is a matter of law." *In re Jerome Cty. Bd. of Comm'rs*, 153 Idaho 298, 308, 281 P.3d 1076, 1086 (2012).

## III.    ANALYSIS

### A.  The Memorandum was improperly recorded as a summary instrument.

The district court found the Memorandum substantially complied with Idaho Code title 55, chapter 7 and therefore was entitled to be recorded as a properly acknowledged instrument under Idaho Code section 55-805. Specifically, the court found the Memorandum had been properly acknowledged under Idaho Code section 55-710, which provides the form required for certificates of acknowledgment not "otherwise in this chapter provided." We disagree.

Initially, we note that because the Memorandum was executed by Salladay in his capacity as the personal representative of the Estate, Idaho Code section 55-713, not section 55-710, provides the form required for the certificate of acknowledgment. That section requires that the certificate "shall be substantially in the following form":

> State of Idaho, county of...., ss.
>
> On this . . . . . . day of . . . . . . , in the year . . . . . . , before me (here insert the name and quality of the officer) personally appeared . . . . . . , known or identified to me (or proved to me on the oath of . . . . . .), to be the person whose name is subscribed to the within instrument as (here insert the official or representative capacity in which the instrument is executed) and acknowledged to me that he (or they) executed the same as such (here insert again the official or representative capacity in which the instrument is executed).

I.C. § 55-713.

> Here, the notary's endorsement of the Memorandum states in its entirety:
>
> STATE OF IDAHO       )
>                                        ss.
> Count of Ada              )
>
>        SUBSCRIBED AND SWORN TO before me this 2nd day of February, 2012.

Connie McMahon
Notary Public for Idaho
Residing at Boise, Idaho
My Commission Expires: 2/6/2015

This is not a certificate used for acknowledgments; this is the endorsement used for oaths and affirmations. I.C. § 51-109. While technical deficiencies in an acknowledgment may be cured by reference to the instrument, *Farm Bureau Fin. Co. v. Carney*, 100 Idaho 745, 750, 605 P.2d 509, 515 (1980), use of the incorrect form may not. *Jordan v. Sec. Credit Corp.*, 79 Idaho 284, 292, 314 P.2d 967, 971 (1957) ("[An] instruments [that] does not even pretend to comply with the [proper] acknowledgment [form] . . . is therefore void . . . ."); *see also Evans v. Twin Falls Cty.*, 118 Idaho 210, 218 n.9, 796 P.2d 87, 95 n.9 (1990) (noting an affidavit accompanied by an acknowledgment certificate for deeds rather than the correct affidavit endorsement failed to put the affiant under oath). We reverse the district court's finding that the Memorandum was properly acknowledged. Consequently, we also reverse the district court's finding that the Memorandum was properly recorded.[1] I.C. § 55-805 ("Before an instrument may be recorded . . . its execution must be acknowledged by the person executing it . . . and the acknowledgment . . . certified in substantially the manner prescribed by chapter 7, title 55, Idaho Code . . . .").

## B. CILD did not comply with the notice requirements of Idaho Code section 43-717 and therefore the tax deed was void ab initio.

Idaho Code section 43-716 states that the taxing district is not entitled to a tax deed until the notice requirements of Idaho Code section 43-717 have been satisfied. I.C. § 43-716.[2] According to Idaho Code section 43-717, "[t]he treasurer of the district wherein the property for which a tax deed may issue, or the owner of the tax certificate, shall serve or cause to be served written notice of pending issuance of tax deed upon the record owner or owners and parties in

---

[1] On appeal, Salladay asserts that the Memorandum "is in fact a summary of a contract of sale" and as such is entitled to be recorded as a summary instrument under Idaho Code section 55-818. That section states that a summary instrument may be recorded: "if the requirements of this section are substantially met." I.C. § 55-818. However, an inescapable requirement of section 55-818 is that the summary instrument "shall be signed and acknowledged by all parties to the original instrument." Here, the Memorandum is only signed by Salladay. Thus, even though Idaho Code section 55-818 uses the phrase "substantially met" when referring to the requirements of the section, the use of "shall" in the requirement that both parties sign indicates that particular requirement is mandatory. *Twin Falls Cty. v. Idaho Comm'n on Redistricting*, 152 Idaho 346, 349, 271 P.3d 1202, 1205 (2012) ("The words 'must' and 'shall' are mandatory[.]"). Consequently, this argument fails.

[2] Idaho Code section 43-716 states in pertinent part: "However, the district of the owner of the tax certificate shall not be entitled to a tax deed for such property until; [:] (1) a notice of pending issuance of tax deed be served, as required in section 43-717, Idaho Code; and (2) an affidavit of compliance be filed, as required in section 43-718, Idaho Code." I.C. § 43-716 (alteration in original).

interest of record . . . ." I.C. § 43-717(1). The giving of such notice is not only mandated by Idaho Code section 43-717 but is required by the constitutional requirements of due process. U.S. Const. amend. XIV; Idaho Const. art. 1, § 13; *Fuentes v. Shevin*, 407 U.S. 67, 81–82 (1972) (holding both notice and a hearing are required under the Fourteenth Amendment before the taking of an individual's property); *Rudd v. Rudd*, 105 Idaho 112, 115, 666 P.2d 639, 642 (1983) ("The right to procedural due process guaranteed under both the Idaho and United States Constitutions requires that a person . . . be given meaningful notice and a meaningful opportunity to be heard."). The failure to give such notice is a fatal defect. *Sines v. Blaser*, 100 Idaho 50, 52, 592 P.2d 1367, 1369 (1979) ("The giving of such notice is mandatory and the lack of it a fatal defect[.]").

It is undisputed that Stroud was the only person served with written notice of the pending issuance of the tax deed.[3] While it is unclear who the record owner was at the time the tax deed was issued, it is clear that it was not Stroud.[4] Furthermore, it is also clear that Stroud was not a party in interest. Under Idaho Code section 43-714A(6), a "party in interest" is defined as "a person or persons . . . which holds a valid and legally binding purchase contract . . . *properly recorded*, in and for the property for which a delinquency entry has been made." I.C. § 43-714A(6) (emphasis added). While Stroud may have held a binding purchase contract, the Memorandum, as explained earlier, was improperly recorded. Thus, although Stroud was the only person to receive written notice, he was neither the record owner nor a party in interest. Consequently, CILD did not comply with the requirements of Idaho Code section 43-716 because it did not "serve or cause to be served written notice of pending issuance of tax deed upon the record owner or owners and parties in interest of record" as required under Idaho Code section 43-717. I.C. § 43-717(1). Therefore, the tax deed was void ab initio. *Sines*, 100 Idaho at 52, 592 P.2d at 1369 (holding a tax deed is void when the issuing authority fails to comply with the applicable notice requirements); *Dufur v. Nampa & Meridian Irr. Dist.*, 128 Idaho 319, 324,

---

[3] Not only is Stroud the only person mentioned as having been served with written notice in either parties' briefs to this Court, CILD admitted that Stroud was the only person it served with written notice and Bowens' counsel conceded this fact in oral argument.

[4] Indeed, Bowens' counsel did not argue that Stroud was the record owner and unequivocally stated in oral argument that he did not know who the record owner was. Salladay stated in an unrefuted affidavit that the property was part of the Estate. However, mystifyingly, the record on appeal does not include a deed or other such document indicating who the record owner was at the time of the issuance of the tax deed. Thus, although it is undisputed that Stroud was not the record owner, we are unable to definitively state who the record owner was on July 14, 2014, the date of the issuance of the tax deed.

912 P.2d 687, 692 (Ct. App. 1996) (upholding a district court's finding that a tax deed was void due to the issuing authority's failure to comply with the constitutional requirements of due process); *W. Loan & Bldg. Co. v. Bandel*, 57 Idaho 101, 111–12, 63 P.2d 159, 163 (1936) (holding a tax deed sold to a third-party was void because the county had failed to comply with the due process requirements of the Idaho Constitution).

Accordingly, because the tax deed was void ab initio, CILD did not have the authority to transfer the deed to Bowens, and Bowens have no claim on the property. *Argyle v. Slemaker*, 99 Idaho 544, 548, 585 P.2d 954, 958 (1978) ("A void deed is one that is invalid for any purpose, ineffective to convey legal title and unenforceable at law."); *Kivett v. Owyhee Cty.*, 58 Idaho 372, 383, 74 P.2d 87, 91–92 (1937) ("[The tax deed] was void and did not confer upon the board authority to make the contract which it attempted to enter into with [the defendant] for the sale of the land to him.").

## C. Notice to Stroud did not impute notice to Salladay under Idaho Code section 43-717(6).

In an attempt to circumvent the fact that only Stroud received written notice of the pending issuance of the tax deed, Bowens argue that under Idaho code section 43-717(6) notice is imputed to Salladay because Stroud received notice.[5] That section states the following: "If a record owner or owners or a party in interest shall have actual knowledge of the notice of pending issuance of a tax deed or that issuance of a tax deed is pending, it shall be deemed sufficient notice under this section." I.C. § 43-717(6). Bowens argue:

> The statute does not state: "it shall be deemed sufficient notice required in this section as to that party." Instead, the statute states: "it shall be deemed sufficient notice under this section." Those words are broad and inclusive as opposed to narrow. Thus, the plain language of the statute provides that actual notice to one party is sufficient to provide notice to all.

Initially, this argument fails at the outset because, as we explained above, it is undisputed that Stroud was not the record owner, and because the Memorandum was not properly recorded, he was not a party in interest. Thus, because Stroud was the only person to receive notice, actual notice was never provided to either a record owner or a party in interest and therefore there was no valid notice to be imputed to anyone. That aside, this argument is severely lacking in merit. Subsection (1) of the same section Bowens cite clearly states that notice "shall" be served "upon the record owner or owners *and* parties in interest." I.C. 43-717(1) (emphasis added). Thus,

---

[5] We note that this argument requires Bowens to concede the property was part of the Estate prior to the issuance of the tax deed and Salladay was entitled to notice; otherwise imputing notice to Salladay would serve no purpose.

under the terms of the section itself, notice must be served on both the owner(s) and the parties in interest. Bowens' argument that notice to one owner or one party in interest is sufficient to provide notice to all owners and all parties in interest runs directly contrary to the plain language of Idaho Code section 43-717(1). It also disregards our clear precedent that notice to one owner cannot constitute notice to another. *Sines*, 100 Idaho at 51–52, 592 P.2d at 1368–69. Moreover, to interpret the statute in the way Bowens suggest—that notice to a party in interest constitutes notice to a record owner—would violate the Idaho and United States Constitutions' guarantees of due process. *Fuentes*, 407 U.S. at 81–82; *Rudd*, 105 Idaho at 115, 666 P.2d at 642. Such an argument is simply untenable. *Stuart v. State*, 149 Idaho 35, 40, 232 P.3d 813, 818 (2010) ("An appellate court is obligated to seek an interpretation of a statute that upholds it[s] constitutionality." (citation omitted)).

**D. Salladay's petition to the district court was not untimely.**

Bowens also argue that under Idaho Code section 43-719(4), Salladay's petition to the district court was untimely. Idaho Code section 43-719(4) provides:

> Any person who is aggrieved by a final decision of the board concerning the issuance of a tax deed is entitled to have that decision reviewed by the district court of the judicial district wherein the property described is located by filing a petition in the district court within thirty (30) days after receipt of the final decision of the board.

By its plain terms, Idaho Code section 43-719(4) only applies to situations in which a final decision issues. Final decisions of the board are issued under Idaho Code section 43-719(2). Section 43-719(2) presupposes proper notice and a hearing. I.C. 43-719(2). Neither of which, due to CILD's failure to serve the record owner with written notice, were present in this case. Thus, the timing requirements under section 43-719(4) do not apply.

**E. The district court should not have remanded the case to CILD.**

The district court ultimately remanded the case to CILD "so that the Board can implement the statutory requirements of Idaho Code section 43-719." However, Idaho Code section 43-719 only applies where the record owner(s) and any parties in interest have received notice of the pending issuance of a tax deed and the board has issued a final decision. I.C. § 43-719(1)–(5). By its own terms, section 43-719 only applies to pending tax deeds. Here, the tax deed has already been issued. Thus, a remand under section 43-719 is inappropriate. Rather, the district court should have concluded that CILD violated section 43-717 by failing to provide proper notice to the record owner and the tax deed, as issued under section 43-716, was void ab

initio. Remand to CILD is unnecessary. *In re Jerome Cty.*, 153 Idaho at 308, 281 P.3d at 1086 ("This Court exercises free review over questions regarding whether the board has violated a statutory provision, which is a matter of law."). If CILD wishes to reinstate proceedings, it must start from the beginning.

**F. Attorney fees and costs on appeal.**

Both parties request costs and attorney fees under Idaho Code section 43-719(5). That section states in pertinent part: "All costs and fees of any hearing or proceeding shall be awarded to the prevailing party . . . ." I.C. § 43-719(5). We interpret section 43-719(5)'s reference to "[a]ll costs and fees" to include attorney fees. Salladay is the prevailing party. We award attorney fees and costs to Salladay on appeal.

## IV.    CONCLUSION

We reverse the district court's ruling that the case be remanded to CILD and hold that because CILD failed to provide written notice to the record owner of the property the issuance of the tax deed was void ab initio. The case is remanded for proceedings consistent with this opinion. Costs and attorney fees to Salladay on appeal.

Justices EISMANN, W. JONES, HORTON and *pro tem* Justice J. JONES, **CONCUR.**