[No. 4891.]

## THE PEOPLE OF THE STATE OF CALIFORNIA *v.* GEORGE HAGAR AND CERTAIN TRACTS OF SWAMP AND OVERFLOWED LAND.

DISTRICT ATTORNEY'S FEES.—In actions prosecuted by the District Attorney of a county to recover assessments for the reclamation of swamp lands, which became delinquent prior to the adoption of the Code, the District Attorney is entitled to fifteen per cent. on the amount of the judgment recovered, to be taxed as costs.

APPEAL from the District Court, Tenth Judicial District, County of Colusa.

Action to recover certain assessments which had been levied on Reclamation District No. 108, of swamp and overflowed land. The plaintiff recovered judgment, and thereupon filed a memorandum of costs, which included the sum of $1,498.85 as District Attorney's fees—being fifteen per cent. on the judgment. The action had been prosecuted by A. L. Hart, the District Attorney, assisted by Wm. Blanding and S. W. Sanderson. The Court, on motion of the defendants, struck the item of District Attorney's fees from the judgment. The plaintiff appealed from the order. The main case is reported in this volume, *ante,* p. 171.

*A. L. Hart, Wm. Blanding,* and *S. W. Sanderson,* for the Appellant.

The thirty-fifth section of the Act of the Legislature of 28th March, 1868, entitled "An Act to provide for the management and sale of the lands belonging to the State," (Stats. 1868, p. 516) provides that if the delinquent assessments in reclamation districts be not paid, "the District Attorney shall proceed at once against all delinquents, in the same manner as is provided by law for the collection of State and county taxes, and all costs shall be collected of said delinquents."

The law referred to is "An Act to provide revenue for the support of the Government of the State," approved 17th May, 1861 (p. 419).

The forty-sixth section of this act provides, "there shall be allowed to all officers, except District Attorneys, the fees allowed in other civil cases. The District Attorney shall be entitled to a compensation equivalent to ten per cent. on the amount of taxes due, to be added thereto, if paid after suit brought and before judgment, and if not so paid, then fifteen per cent., to be taxed as other costs in the case."

The Code repealed the Revenue Act of 1861, but the assessment in this case was levied on the 20th of January, 1871, and became delinquent in March, 1871, prior to the adoption of the Code; and it has been held that taxes must be collected in accordance with the law in force at the time they were levied. (*City of Oakland* v. *Whipple*, 44 Cal. 303.)

The thirty-fifth section of the Act of 1868 says: "All costs shall be collected of said delinquents."

The forty-sixth section of the Act of 1861 says, if the taxes are not paid before judgment, " then fifteen per cent., to be taxed as other costs in the case," shall be added to the judgment; and " that no fees or costs shall be paid to any officer or District Attorney, unless the same be collected from the defendants."

*W. C. Belcher* and *W. F. Goad*, for the Respondents.

The idea seems to be that because the Act of March 28th, 1868, requires the District Attorney to proceed against delinquents " *in the same manner* as is provided by law for the collection of State and county taxes," and that " all costs shall be collected of said delinquents," therefore, in such actions, the District Attorney may lawfully charge fifteen per cent. upon the amount due for unpaid assessments, and that the same *may be taxed as costs* against the defendants—in other words, that the direction to proceed *in the same manner* is sufficient to determine the fee to be charged by the District Attorney, and to authorize the Court to tax up the amount as costs.

Fees of attorneys are not taxable as costs against the losing party unless specially made so by statute. (*Williams* v. *Mc-Dougall*, 39 Cal. 80; *Waters* v. *Waters*, 49 Mo. 388; *Howell* v. *Scoggins*, 48 Cal. 355; *Day* v. *Woodworth*, 13 How. 371; *Fairbanks* v. *Winter*, 18 Wis. 287.)

By the Court:

The Court below erred in striking from the cost bill, filed by the plaintiff, the item of fifteen per cent. on the amount of the judgment for fees to the District Attorney. But as the judgment has been modified, and the amount thereof reduced, on appeal to this Court, it will be the duty of the Court below to allow for this item only fifteen per cent. on the amount of the judgment as modified.

Order reversed and cause remanded, with an order to the Court below to retax this item in accordance with this opinion. Remittitur forthwith.