[No. 13334.    Department Two. — June 14, 1890.]

## VACA VALLEY AND CLEAR LAKE RAILROAD, RESPONDENT, v. T. MANSFIELD ET AL., DEFENDANTS, AND D. E. ALLISON, APPELLANT.

QUIETING TITLE — PROOF OF DEFENDANT'S CLAIM — ADMISSION OF ANSWER — NONSUIT. — In an action to quiet title, a nonsuit should not be granted for failure of the plaintiff, after having proved title in himself, to prove an adverse claim, title, or interest in the defendants, when the complaint alleges and the answer admits that the defendants claim and assert an interest in the property.

ID. — WAIVER OF MOTION FOR NONSUIT — CURING ERROR. — If such proof were necessary on the part of plaintiff, an error in denying defendant's

motion for a nonsuit for want of it is cured by proof on the part of defendants of the adverse claim or interest in the property on which they relied to defeat the action.

ID. — EVIDENCE — OFFER TO PROVE NON-OCCUPATION OF PREMISES — STATUTE OF LIMITATIONS — PLEADING. — When the statute of limitations is not pleaded, and an offer is made by defendants to prove merely that no one had occupied the premises in controversy for ten years prior to the commencement of the action, such evidence cannot aid the defendants' claim of title, and is properly excluded.

ID. — DEED OF CORPORATION — CORPORATE SEAL — REBUTTING PRIMA FACIE EVIDENCE — UNAUTHORIZED FILLING OF BLANK DEED. — Though the corporate seal attached to the deed of a corporation is *prima facie* evidence that it was placed there by proper authority, and that the deed was duly executed and delivered, yet such *prima facie* evidence may be rebutted and overcome by proof that the deed when signed was a blank, as to the name of the grantee and the description of premises, and that the directors and officers of the corporation never authorized or contemplated a sale of the premises therein described to any one; that the deed was never acknowledged; and that the blanks in the deed were filled without authority from the corporation by its treasurer, to whom the blank deed was delivered by the president for the purpose of negotiating a sale of lots other than those described, and who inserted his own name as grantee of the lots described.

ID. — VOID DEED — PARTIAL FORGERY — BONA FIDE PURCHASER — ESTOPPEL. — Such deed is as absolutely void and as ineffectual to convey any title as it would have been if an entire forgery; and there is therefore no ground for the application of the doctrine of estoppel in favor of a *bona fide* purchaser or mortgagee of the assumed grantee who filled the blanks in the deed without authority.

APPEAL from a judgment of the Superior Court of Yolo County, and from an order denying a new trial.

The facts are stated in the opinion.

*Matt. F. Johnson,* for Appellant.

*R. Clark,* and *Craig & Harding,* for Respondent.

BELCHER, C. C. — The plaintiff brought this action to quiet its title to two blocks of land (4 and 11) in the town of Winters, Yolo County. The defendants answered separately. Defendant Mansfield alleged that in 1878 the plaintiff sold and conveyed the two blocks to him, and that under his conveyance he took possession,

and had ever since held possession of the same. Defendant J. Allison filed a disclaimer. Defendant D. E. Allison alleged that on the twenty-fifth day of July, 1878, defendant Mansfield was the owner in fee of the premises in dispute, and that on that day he executed a mortgage upon the premises to defendant J. Allison to secure the payment of his promissory note for the sum of five thousand dollars; that the mortgage was duly recorded, and afterward the note and mortgage were assigned and transferred to him (D. E. Allison), who thereupon became and had ever since continued to be the owner and holder thereof; and that shortly after executing the note and mortgage, defendant Mansfield departed from this state, and had since continuously remained outside of its boundaries.

Upon the trial it was proved that the plaintiff was a corporation duly organized under the laws of this state, and that in February, 1877, it became the owner of the premises in question. A. M. Stephenson was then called as a witness for plaintiff, and testified that he was the president of the plaintiff corporation, and had been for more than twelve years; that he knew the two blocks of land described in the complaint; that "the corporation never sold the land to any person. Plaintiff never intended to sell this land, as we wanted it for railroad purposes. It never parted with its title to the land. I have heard that defendant Mansfield claimed these two blocks, but no person has been in actual possession or asserted a distinct claim to it. During all the time mentioned, it has lain as an open common unused, though the plaintiff may at times have unloaded some scraps of iron or old lumber upon it. I have heard that Mansfield claimed the land, and there was a cloud on the title in that way. He mortgaged it to Allison."

The plaintiff then rested its case, and the defendants moved for a nonsuit on the ground "that the evidence failed to show that defendant possessed any title or in-

terest in the premises that would constitute a cloud upon plaintiff's title, and the evidence disclosed no facts which would require defendants to go on with their defense." The motion was denied, and an exception reserved.

Stephenson was then called as witness for defendants, and testified that he was president of the plaintiff in 1878. He was then shown a deed, and asked if the name "A. M Stephenson," signed thereto, was his signature, and said it was. The deed was then offered in evidence. It was dated July 17, 1878, and purported to be a deed from the plaintiff to T. Mansfield, and to convey the two blocks of land in question. The last clause of the deed was as follows: —

"In witness whereof, the said party of the first part have hereunto set their hand and affixed the corporate seal, the day and year first above written.

       "VACA VALLEY AND CLEAR LAKE R. R. Co.

   [SEAL.]           " By A. M. STEPHENSON,

   [SEAL.]           " By F. ALLISON, Secretary."

[CORPORATE SEAL.]

Attached to the deed was a certificate of a notary public that Stephenson, president, and Allison, secretary, etc., personally appeared before him and acknowledged that they executed the same.

The defendants next offered in evidence the mortgage and note set up in the answer of defendant D. E. Allison, with the assignments thereof to him. They then called a witness, and asked him, "Who has been in possession of these blocks for the last ten years prior to 1886?" The question was objected to as irrelevant and immaterial, and the objection sustained. They then offered to prove, by two witnesses, who had known the land in dispute for the last twelve or fourteen years, "that no one has occupied that land during the ten years just prior to the commencement of this suit." This was also excluded by the court, and exceptions were reserved to both rulings.

The defendants here rested their case, and A. M. Stephenson was recalled by the plaintiff. He testified: "The way my signature happened to be to that deed *(the deed above referred to and set out herein)* is this: Mansfield came over to Vacaville to get my signature to some deeds to land that had been sold. He was a notary, and I acknowledged them before him. He then said if I would sign my name to a blank deed he could sell some other lots at a bigger price than the others sold, and that he would fix it up afterward when I came to Winters. I did so with the understanding that he was to sell some different lots. The blocks 4 and 11 the railroad never expected to be sold to anybody. The railroad needed them, and would not sell them for any money. This deed *(the deed in evidence)* is entirely in the handwriting of T. Mansfield, where it is written, except the signature. The acknowledgment, with the exception of the notary's certificate, is in his handwriting. At the time I signed this deed, it was a blank deed. And I never went before any notary public and acknowledged this deed. The directors of plaintiff never by any resolution authorized the president and secretary to sell this land. Defendant Mansfield was treasurer of the corporation on the day said deed was executed. He was also a director of the company."

The defendants objected to all this testimony in rebuttal, on the ground that it was irrelevant and immaterial, but the court overruled the objections, and they excepted.

The foregoing is, in substance, all the evidence introduced in the case, and upon it the court gave judgment for the plaintiff. The defendant D. E. Allison then moved for a new trial, and his motion was denied. He appeals from the judgment and order.

1. It is argued for appellant that the court erred in denying the motion for nonsuit. It is said: "The respondent failed absolutely to show that there was any

cloud upon its title; on the contrary, it showed, so far as its side of the case was concerned, that it had a clear and unobstructed title to the premises, and does not show that either of these defendants, and especially appellant, had any claim, title, or interest in the same." The obvious answer to this argument is, that the complaint alleged and the answers admitted that the defendants claimed and asserted an interest in the property. It was not necessary, therefore, for the plaintiff, in opening its case, to offer any proof upon this subject. Beside, if such proof had been necessary, and the defendants were entitled to a judgment of nonsuit for the want of it, the error was cured when they afterward introduced in evidence the deed, mortgage, and note, on which they relied to defeat the action. (*Smith* v. *Compton,* 6 Cal. 24; *Perkins* v. *Thornburgh,* 10 Cal. 190.)

2. It is claimed that the court erred in refusing to allow the defendants to prove who had been in possession of the premises in controversy during the ten years prior to the commencement of the action. But the statute of limitations was not pleaded, and, as shown by their offer, the defendants sought only to prove that no one had actually occupied the land. The evidence, if admitted, could not in any way have aided the defendants or strengthened their case, and there was no error in its exclusion.

3. Finally, it is urged that the evidence was insufficient to justify the decision of the court, because the deed was regular on its face, had the corporate seal attached to it, and was therefore presumptively valid, and so far as appellant is concerned, must be treated as valid and binding. The argument is, that when the corporate seal is found attached to the deed of a corporation, it is *prima facie* evidence that it was placed there by proper authority, and that the deed was duly delivered; that everything appearing to be regular when appellant acquired his mortgage interest, the plaintiff had no right

to attack the conveyance made by its officers under its corporate seal, and the evidence introduced in rebuttal was therefore inadmissible.

The proposition above stated as to the corporate seal, and the presumption arising from its being affixed to the deed, is undoubtedly correct, and well supported by authority. (See *McCracken* v. *San Francisco*, 16 Cal. 639; *Southern Cal. Col. Association* v. *Bustamente*, 52 Cal. 190.) But *prima facie* evidence is that which suffices for the proof of a particular fact, until contradicted and overcome by other evidence. It may, however, be contradicted, and other evidence is always admissible for that purpose. It was competent, therefore, for the plaintiff to prove all the facts and circumstances connected with the deed in question, and to show whether it was a valid deed or not. Now, the uncontradicted testimony shows that the directors of the corporation plaintiff never sold or authorized a sale of the two blocks in controversy, nor did its president ever agree to sell them; and that the deed, when signed, was a blank, and was never acknowledged. Under these circumstances, the deed was as absolutely void and as ineffectual to convey any title as it would have been if an entire forgery. There was no ground, therefore, for the application of the doctrine of estoppel.

In our opinion, the judgment and order appealed from were proper, and we advise that they be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.