Filed 8/18/20  P. v. Carrillo CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HENRY CARRILLO,<br><br>    Defendant and Appellant. | 2d Crim. No. B298931<br>(Super. Ct. No. TA081961)<br>(Los Angeles County) |

Henry Carrillo appeals from an order denying his petition to vacate his murder conviction and obtain resentencing under Senate Bill No. 1437 (2017-2018 Reg. Sess.) (S.B. 1437), which went into effect on January 1, 2019.  (See Stats. 2018, ch. 1015, § 4.)  S.B. 1437 added section 1170.95 to the Penal Code.[1]  If a defendant has previously been convicted of murder under the felony-murder rule or the natural and probable consequences doctrine and qualifies for relief under section 1170.95, the statute

---

[1] All further statutory references are to the Penal Code.

permits the defendant to petition to vacate the conviction and obtain resentencing on any remaining counts.

Appellant was convicted by a jury of first degree felony murder (§§ 187, subd. (a), 189), two counts of attempted second degree robbery (§§ 664, 211), and one count of second degree robbery (§ 211).  In 2007 he was sentenced to prison for 28 years to life.  In a 2008 nonpublished opinion, *People v. Car[r]illo* (Feb. 21, 2008, B197783) 2008 Cal.App. Unpub. LEXIS 1393, we affirmed the judgment of conviction.

The Attorney General concedes that the trial court erroneously denied appellant's petition.  We accept the concession and reverse.  We remand the matter to the trial court with directions to conduct further proceedings pursuant to section 1170.95.

*Facts*

The facts are taken from pages 1-2 of our nonpublished opinion.

"Martinez, the surviving victim of the attempted robberies, testified as follows:

"Martinez, Soto and Butler were walking away from a strip bar where they had been drinking.  Appellant and three other men approached them.  Appellant 'asked if [they] had any money.'  Martinez said that he did not have any money.  One of the suspects removed Soto's wallet from his person.  Butler cursed at the suspects.  While Martinez and Butler were walking away, Martinez heard at least four gunshots and 'saw the bullets going through [Butler's] back.'  Butler fell to the ground, fatally wounded.  Martinez did not see who was firing the gun.

"There were inconsistencies between the testimony of Martinez and Soto, the robbery victim.  Soto testified as follows:

2

"Martinez, Soto, and Butler were approached by a man who asked for money. The man was accompanied by two or three other men. Soto handed 'a stack of dollars' to them because one of the suspects had a gun[.] Another suspect emptied Soto's pockets. Soto saw Butler talking to the suspect with the gun. It appeared that Butler 'was trying to snatch the gun away.' Butler was saying 'Hold up, hold up, hold up.' The suspect with the gun 'jumped back' and started shooting at Butler.

"From a photographic lineup, Soto identified appellant as the suspect who had asked for money. But at trial Soto was unable to identify appellant."

*Procedural Background*

In January 2019 appellant filed a petition for resentencing pursuant to section 1170.95. Appellant declared, "I was convicted of 1st degree felony murder and I could not now be convicted because of changes to Penal Code § 189, effective January 1, 2019 . . . ." Appellant further declared that (1) he "was not the actual killer"; (2) he "did not, with the intent to kill, aid [or] abet . . . the actual killer in the commission of murder in the first degree"; and (3) he "was not a major participant in the felony murder **or** . . . did not act with reckless indifference to human life during the course of the crime or felony."

The District Attorney did not file a response to the petition. Without appointing counsel, in April 2019 the trial court summarily denied the petition by minute order. Neither appellant, the District Attorney, nor a court reporter was present. The petition was denied because appellant had failed to make a prima facie showing that he qualified for relief under section 1170.95. The court concluded that, based on the facts set forth in our nonpublished opinion, appellant "was a major participant in

3

the underlying felony and acted with reckless indifference to human life."

## S.B. 1437

"Under the felony-murder rule as it existed prior to Senate Bill 1437, a defendant who intended to commit a specified felony could be convicted of murder for a killing during the felony, or attempted felony, without further examination of his or her mental state. [Citation.]" (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 247-248.) The felony-murder rule is set forth in section 189. S.B. 1437 amended section 189 to add subdivision (e), which provides: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [such as robbery] in which a death occurs is liable for murder only if one of the following is proven: (1) The person was the actual killer. (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

Section 1170.95, added by S.B. 1437, provides in subdivision (a), "A person convicted of felony murder . . . may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when" certain conditions apply. One of the conditions is that "[t]he petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189

4

made [by S.B. 1437] effective January 1, 2019."[2]  (§ 1170.95, subd. (a)(3).)  The petition must include a declaration by the petitioner showing that he is eligible for the relief afforded by section 1170.95.  (*Id.*, subd. (b)(1)(A).)

Section 1170.95, subdivision (c) provides that, "[i]f the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."  Within 60 days after the issuance of the order to show cause, the trial court must conduct an evidentiary hearing at which "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing."  (*Id.*, subd. (d)(3).)

*The Trial Court Properly Considered the Statement*
*of Facts in Our 2008 Unpublished Opinion*

Appellant contends, "The trial court erred in relying upon the recitation of facts in in the 2008 Court of Appeal opinion in making its determination of prima facie case."  We disagree. Section 1170.95, subdivision (d)(3) provides that, at the hearing conducted after the trial court has issued an order to show cause, "[t]he prosecutor and the petitioner may rely on the record of conviction . . . to meet their respective burdens."  It follows that, in determining whether the petitioner has made a prima facie showing of entitlement to relief, the court may consider the record of conviction.  "A court of appeal opinion . . . is part of the appellant's record of conviction.  [Citations.]  Accordingly, it [is]

_____

[2] S.B. 1437 amended section 188 to add subdivision (a)(3), which provides, "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime." (Stats. 2018, ch. 1015, § 2.)

proper for [us] to consider our [prior] opinion . . . in determining whether he had made a prima facie showing of eligibility for relief under section 1170.95 or whether he was ineligible for relief as a matter of law." (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 333 (*Verdugo*); see also *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1136, fn. 7 [for purposes of section 1170.95, "[t]he record of conviction includes a reviewing court's opinion"];[3] *People v. Trujillo* (2006) 40 Cal.4th 165, 180-181 ["an appellate court decision . . . can be relied upon to determine the nature of a prior conviction because it may disclose the facts upon which the conviction was based. [Citation.] We held in [*People v.*] *Woodell* [(1998) 17 Cal.4th 448, 457,] 'that appellate opinions, in general, are part of the record of conviction that the trier of fact may consider in determining whether a conviction qualifies under the sentencing scheme at issue' "]; *Woodell, supra,* 17 Cal.4th at

[3] On March 18, 2020, the Supreme Court granted review in *Verdugo*, S260493, and *Lewis*, S260598. In *Lewis* briefing and argument are limited to two issues, only one of which is relevant to this appeal: "May superior courts consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under Penal Code section 1170.95?" (*People v. Lewis* (Mar. 18, 2020, No S260598) [2020 Cal. LEXIS 1946, at *1].) In *Verdugo* further action was "deferred pending consideration and disposition of a related issue in [*Lewis*]." (*People v. Verdugo* (Mar. 18, 2020, No. S260493) [2020 Cal. LEXIS 2057, at *1].) Pending review and filing of the Supreme Court's opinion, *Lewis* and *Verdugo* have "no . . . precedential effect, and may be cited for potentially persuasive value only." (Cal. Rules of Court, rule 8.1115(e)(1).)

p. 457 ["If the appellate court did state the pertinent facts, a trier of fact is entitled to find that those statements accurately reflect the trial record"]; *People v. Hicks* (2014) 231 Cal.App.4th 275, 286 ["the appellate opinion is part of the record of conviction which the court properly used in determining defendant's eligibility" for resentencing under the Three Strikes Reform Act of 2012]; *In re Richardson* (2011) 196 Cal.App.4th 647, 667 ["Our opinion on the 1992 evasion conviction stated petitioner's victims were occupants of a mobilehome that was damaged by petitioner's crash. Our opinion is evidence in the record of conviction that establishes the victims of the 1992 evasion conviction were not accomplices, and therefore the evasion conviction qualifies as a prior strike"].)

*Two-Step Procedure of Section 1170.95, Subdivision (c)*

Section 1170.95, subdivision (c), hereafter subdivision (c), provides: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor['s] response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

"Subdivision (c) . . . prescribes two . . . court reviews before an order to show cause may issue, one [the first step] made before any briefing to determine whether the petitioner has made a prima facie showing he or she falls within section 1170.95—that

7

is, that the petitioner may be eligible for relief—and a second [the second step] after briefing by both sides to determine whether the petitioner has made a prima facie showing he or she is entitled to relief." (*Verdugo, supra,* 44 Cal.App.5th at p. 328.)

"The court's role at [the first step] is simply to decide whether the petitioner is ineligible for relief as a matter of law, making all factual inferences in favor of the petitioner." (*Verdugo, supra,* 44 Cal.App.5th at p. 329.) "[I]f the petitioner's ineligibility for resentencing under section 1170.95 is not established as a matter of law by the record of conviction, the court must direct the prosecutor to file a response to the petition, permit the petitioner (through appointed counsel if requested) to file a reply and then determine, with the benefit of the parties' briefing and analysis, whether the petitioner has made a prima facie showing he or she is entitled to relief." (*Id.* at p. 330.)

"A prima facie showing is one that is sufficient to support the position of the party in question." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 851.) "'[P]rima facie evidence is that which suffices for the proof of a particular fact, until contradicted and overcome by other evidence. It may . . . be contradicted, and other evidence is always admissible for that purpose.'" (*In re Raymond G.* (1991) 230 Cal.App.3d 964, 972, quoting from *Vaca Valley & C.L. Railroad v. Mansfield* (1890) 84 Cal. 560, 566.)

*Appellant Satisfied the First*
*Step of the Two-Step Procedure*

The Attorney General concedes, and we agree, that appellant satisfied the first step of subdivision (c)'s two-step procedure. Appellant was one of three or four men who participated in the robbery. One of the men had a firearm and

8

shot Butler. Based on the summary of the facts in our nonpublished opinion, the identity of the shooter is uncertain. In his appellate brief the Attorney General notes that, during closing argument to the jury, "[t]he prosecutor argued that appellant was a principal in the robbery and attempted robbery. [Record citation.] As to murder, the prosecutor's lone theory was that appellant was guilty of first degree felony murder. [Record citation.]"[4] It is therefore reasonable to infer that the jury convicted appellant of first degree murder based on a felony-murder theory.

The trial court decided that appellant is ineligible for relief because the "facts stated" in our nonpublished opinion show that he "was a major participant in the underlying felony and acted with reckless indifference to human life." Section 189, subdivision (e)(3) provides that a person is liable for first degree felony murder if "[t]he person was a major participant in the underlying felony and acted with reckless indifference to human life, *as described in subdivision (d) of Section 190.2*." (Italics added.) Section 190.2 lists the special circumstances for first degree murder. Section 190.2, subdivision (d), extends special circumstances liability to "[e]very person, not the actual killer, who, with reckless indifference to human life and as a major participant, aids [or] abets" one of the crimes listed in section 190.2, subdivision (a)(17).

The mere participation in an armed robbery does not satisfy the "reckless indifference to human life" requirement of section 190.2, subdivision (d). In *In re Ramirez* (2019) 32 Cal.App.5th 384, 405-406, the court concluded that the

---

[4] We grant the Attorney General's request to take judicial notice of the record in appellant's prior appeal, B197783.

9

defendant's participation in an armed robbery was insufficient to "demonstrate reckless indifference to human life" because "[t]here is no evidence from which it reasonably can be inferred [defendant] harbored a willingness to kill[;] or to assist his confederates in killing, to achieve the goal of robbing someone[;] or that he anticipated the potential for loss of human life beyond that usually accompanying an armed robbery." (See also *People v. Clark* (2016) 63 Cal.4th 522, 623 [evidence insufficient to support special circumstances allegation because "there appears to be nothing in the plan [to commit armed robbery] that one can point to that elevated the risk to human life beyond those risks inherent in any armed robbery"]; *Id.* at p. 617 ["while the fact that a robbery involves a gun is a factor beyond the bare statutory requirements for first degree robbery felony murder, this mere fact, on its own and with nothing more presented, is not sufficient to support a finding of reckless indifference to human life for the felony-murder aider and abettor special circumstance"].)

Thus, the mere fact that appellant participated in an armed robbery and that one of the robbers shot Butler does not establish, as a matter of law, that appellant is ineligible for resentencing because he "was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e)(3).) Appellant satisfied the first step of subdivision (c)'s two-step prima facie procedure. As the attorney general acknowledges, the matter must be remanded to the trial court so it can move on to the second step.

*Disposition*

The order denying appellant's section 1170.95 petition for resentencing is reversed. The matter is remanded to the trial court with directions to conduct further proceedings pursuant to section 1170.95. The trial court shall (1) appoint counsel to represent appellant,[5] (2) direct the prosecutor to file and serve a response to appellant's petition, (3) permit appellant to file and serve a reply to the prosecutor's response, and (4) "determine, with the benefit of the parties' briefing and analysis, whether [appellant] has made a prima facie showing he . . . is entitled to relief." (*Verdugo*, *supra*, 44 Cal.App.5th at p. 330.) If appellant makes the requisite prima facie showing, the trial court shall issue an order to show cause as provided in subdivision (c).

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

TANGEMAN, J.

---

[5] In view of our reversal and direction that the trial court appoint counsel, we need not consider appellant's claim that, by not appointing counsel below, the trial court violated his constitutional rights to counsel and procedural due process.

11

Connie R. Quinones, Judge

Superior Court County of Los Angeles

_____

John A. Colucci, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri, Acting Supervising Deputy Attorney General, Wyatt E. Bloomfield, Deputy Attorney General, for Plaintiff and Respondent.