Filed 9/30/20  P. v. Wright CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B299933 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A383951) |
| v. | |
| EDWARD JUDSON WRIGHT, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Laura F. Priver, Judge.  Reversed and remanded with directions.

Corona & Peabody and Jennifer Peabody, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Susan Sullivan Pithey, Assistant Attorneys General, Idan Ivri and Wyatt E. Bloomfield, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Edward Judson Wright (defendant) appeals from the summary denial of his petition to vacate his 1983 murder conviction and to resentence him, filed pursuant to Penal Code section 1170.95.[1]  He contends that that he made a prima facie showing of entitlement to relief, which triggered the trial court's obligation to appoint counsel, permit briefing, and then to issue an order to show cause.  Respondent agrees that defendant made a prima facie showing of *eligibility* for relief, and that the matter should be remanded for appointment of counsel and briefing, but contends that the court should then determine whether defendant has made a prima facie showing of *entitlement* to relief, and if so, issue an order to show cause.  We are persuaded by respondent, and reverse and remand with directions.

## BACKGROUND

In 1983, defendant was charged with the 1982 murder of Donald Houts, while engaged in the commission or attempted commission of robbery, in violation of section 211 and within the meaning of section 190.2, subdivision (a)(17).  The allegations against defendant under section 190.2 were dismissed after the preliminary hearing, pursuant to section 995.[2]  Also, defendant

---

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.  All references to subdivisions without reference to a code section are to subdivisions of section 1170.95.

[2]     As relevant here, section 190.2, subdivision (d) defines a special circumstance calling for death or imprisonment for life without the possibility of parole for aiders and abettors who were not actual killers but who acted with reckless indifference to

and Curtis Duane Wright (Curtis) were charged with the robbery of Houts, and the burglary of Houts's residence.  As to all three counts it was alleged that a principal, Curtis, was armed with a firearm within the meaning of section 12022, subdivision (a) and that Curtis personally used a firearm within the meaning of section 12022.5.[3]

After defendant's trial was severed from Curtis's trial, defendant waived his right to a jury and agreed to a court trial, in which defendant was found guilty of murder in the first degree, and true, the allegation that a principal used a firearm. Defendant was also found guilty of the robbery and burglary relating to Houts, as well as the two unrelated robberies. Defendant's sentence for the murder was 25 years to life in prison, plus a total of seven years for the unrelated crimes.  The trial court stayed the sentences for the Houts robbery and burglary pursuant to section 654.  The judgment was affirmed by the Court of Appeal and by the California Supreme Court in *People v. Wright* (1987) 43 Cal.3d 487 (*Wright*).  The Supreme Court's decision summarized the trial evidence at pages 497 and 498 as follows:

"The preliminary hearing evidence on which the case was submitted was that defendant had proposed the burglary of the residence of one Mr. Houts, defendant's former employer, to his

human life and as a major participant in enumerated crimes, including robbery.

[3]     Defendant was also charged with two unrelated robberies and an allegation that defendant had served prior prison terms and had one prior serious felony.

brother Curtis. While defendant waited in the car, Curtis found Mr. Houts, struck him with a sawed-off shotgun, forced him to sign two blank checks, tied him up, and shot him in the back. When Curtis came out and asked defendant what to do next, defendant threw up his hands and walked away, saying, 'Hey you did it. You're going to have to deal with it.' Curtis killed Mr. Houts with another shot, and both men cleaned the home and buried the body, then drove off in the victim's car. The magistrate suppressed defendant's first confession to these crimes, but admitted a second one. There was also evidence that Curtis had robbed two convenience stores, using a sawed-off shotgun. Defendant's second confession included an admission that he had been the getaway driver in these robberies. Defendant presented no evidence at the preliminary hearing, though defense counsel did actively cross-examine the witnesses.

"The trial court also heard four prosecution witnesses and five defense witnesses, including defendant. Most of the testimony related to the suppression motions. The court denied the motions and admitted both confessions into evidence. Additional evidence presented by the prosecution included testimony by Percy Owens, defendant's employer some time before he worked for Mr. Houts. Owens had fired defendant because he suspected defendant was involved in the theft of some of his property. Subsequently, defendant confronted Owens with a shotgun, struck him, stole a pistol, demanded that Owens sign some checks, and drove off in Owens's car.

"Defendant's family testified that Curtis was violent and defendant was not and that Curtis was the leader and defendant the follower. Defendant testified consistently with his confession that he planned to burglarize the Houts residence only if no one

4

was home.  Curtis was selected to approach the house because he was unknown to Houts.  If Houts was not home, Curtis was to signal defendant to come to the house.  If Houts was home, Curtis was only to ask if there was any work for him on the ranch. Defendant testified that he neither planned nor intended for Curtis to rob Houts or force him to sign checks.  Although he was aware Curtis had a shotgun with him, defendant did not discuss this with Curtis."

**Senate Bill No. 1437**

In 2018, the Legislature passed Senate Bill No. 1437 (S.B. 1437) in order to "revise the felony murder rule to prohibit a participant in the commission or attempted commission of a felony that has been determined as inherently dangerous to human life to be imputed to have acted with implied malice, unless he or she personally committed the homicidal act." (Senate Rules Com., Off. Of Sen. Floor Analysis, Rep. on Sen. Bill No. 1437 (2017-2018 Reg. Sess.) as amended Aug. 20, 2018, p. 6.) S.B. 1437 amended sections 188 and 189, effective January 1, 2019.  (Stats. 2018, ch. 1015, § 2, eff. Jan. 1, 2019.)  As amended, section 188 limits a finding of malice as follows:  "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime."  (§ 188, subd. (a)(3).)  Subdivision (e) of section 189 now requires that for a participant in the perpetration of a felony listed in section 189, subdivision (a) in which a death occurs, to be liable for murder, at least one of the following must be proven:

"(1) The person was the actual killer.

5

"(2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.

"(3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

Section 1170.95 was added by S.B. 1437 to provide a procedure by which those convicted of murder can seek retroactive relief if affected by the changes in sections 188 or 189. (*People v. Martinez* (2019) 31 Cal.App.5th 719, 722.) A petition under section 1170.95, subdivision (a), must include the following:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.

"(3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

In addition, the petition must include the petitioner's declaration showing eligibility under all three enumerated

conditions, as well as the superior court case number, year of conviction, and any request for appointment of counsel. (§ 1170.95, subd. (b)(1).) "If any of the information required by this subdivision is missing from the petition and cannot be readily ascertained by the court, the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information." (§ 1170.95, subd. (b)(2).) Once the petition is deemed sufficient, the court then determines whether the petition has made a prima facie showing that petitioner falls within the provisions of section 1170.95, and if so and the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. (§ 1170.95, subd. (c).)[4] "The prosecutor shall file and serve a response . . . and the petitioner may file and serve a reply . . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (*Ibid*.)

Upon the issuance of an order to show cause, the parties have an opportunity waive a hearing and stipulate that the defendant is entitled to have the murder conviction vacated and to resentencing. (§ 1170.95, subds. (c), (d)(2).) If they do not, a hearing is held in which the prosecution has the burden to prove beyond a reasonable doubt that petitioner is ineligible for resentencing. If the prosecution fails to sustain its burden of

---

[4]     "[P]*rima facie* evidence is that which suffices for the proof of a particular fact, until contradicted and overcome by other evidence." (*Vaca V. & C. L. v. Mansfield* (1890) 84 Cal. 560, 566; see also *People v. Verdugo* (2020) 44 Cal.App.5th 320, 329, review granted Mar. 18, 2020, S260493.)

7

proof the trial court is required to vacate the prior conviction and resentence the petitioner on the remaining charges.  (§ 1170.95, subd. (d)(3).)

**Defendant's petition**

In May 2019, defendant filed a section 1170.95 petition alleging that he had been convicted of first or second murder pursuant to the felony murder rule or the natural and probable consequences doctrine.[5]  The petition also alleged that there had been a prior determination by a court or jury that he was not a major participant and did not act with reckless indifference to human life under section 190.2, subdivision (d), and he was thus entitled to be resentenced pursuant to section 1170.95, subdivision (d)(2).

On June 12, 2019, the trial court found that defendant was not entitled to relief as a matter of law, and issued a memorandum of decision summarily denying the petition, with the following explanation:

> "The petitioner was convicted of murder in the 1st degree, robbery (3 counts) and burglary after a court trial.  Additionally, the court found that the petitioner was armed pursuant to Penal Code section

---

[5]  Felony murder liability is imposed upon a person who, harboring *no intent to kill or even implied malice*, aids and abets an accomplice in the commission of an inherently dangerous felony, and the accomplice kills in the commission of the intended crime.  (*People v. Bryant* (2013) 56 Cal.4th 959, 965; see § 189, subd. (a) [robbery].)  Under the natural and probable consequences doctrine, a "'person who knowingly aids and abets criminal conduct is guilty of not only the intended [target] crime . . . but also of any other crime the perpetrator actually commits . . . that is a natural and probable consequence of the intended crime.'" (*People v. Medina* (2009) 46 Cal.4th 913, 920.)

8

12022(a) as to each of the counts. There were no jury instructions given as the petitioner was convicted by the court according to a minute order entry dated April 19, 1983.

"After a review of the information filed by the petitioner and the other documents available to the court, it is clear the petitioner does not qualify for relief under this law. Penal Code § 189(e) as recently amended did *not* change the law as to any individual who is a major participant in the incident. This petitioner could still be held liable for these offenses even as the law is currently written as he was a major participant in the crime. The fact that this was a court trial is also important, as the court would not be confused by the law or swayed by emotion."

Defendant filed a timely notice of appeal from the trial court's order.

This court granted defendant's motion to order the trial court to prepare a settled statement stating what documents the court reviewed in making its determination that defendant was ineligible for resentencing pursuant to section 1170.95. The trial court issued a minute order with the following response:

"The materials viewed by the court were all of those documents previously copied for the appeal. Those were the only documents. The court file was not available or obtainable. In addition, the court inspected the Court of Appeal website case search information pages pertaining to this case. The original opinion from the original appeal was not available from this site due to its age. The court through staff inquired if a probation report was available. The court was informed that probation did

9

not have any information on the petitioner arising out of this incident."

## DISCUSSION

Defendant and respondent agree that defendant's petition and available records made a prima facie showing that defendant falls within the provisions of section 1170.95.

We agree. First, when a trial court determines that information is missing from the petition and not readily available, the court may dismiss the petition without prejudice and inform defendant what information is missing. (§ 1170.95, subd. (b)(2).) However, where information is readily available from the record of conviction, the court may review it to determine whether the petition is sufficient to make a prima facie showing that the petitioner falls within the provisions of section 1170.95. (See *People v. Verdugo*, *supra*, 44 Cal.App.5th at pp. 328-330.) As defendant notes, the California Supreme Court's opinion affirming defendant's conviction was published in the official reports, and was therefore readily available to the trial court. (See *Wright*, *supra*, 43 Cal.3d 487.) Appellate opinions are part of the record of conviction. (*People v. Cruz* (2017) 15 Cal.App.5th 1105, 1110; see *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1138-1139, review granted Mar. 18, 2020, S260598.)

Here, the trial court reviewed only the April 19, 1983 minute order, and erroneously found that defendant was personally armed with a firearm.[6] The Supreme Court opinion

---

[6] Section 12022, subdivision (a) provides a sentence enhancement for a person who was armed with firearm in the commission or attempted commission of a felony, *or* who

10

shows that it was defendant's brother Curtis, not defendant, who was armed during the murder, that defendant was not present at the murder, but in the car, and that the evidence did not establish that defendant took part in planning the murder, shared Curtis's intent to kill, or even knew that Curtis intended to kill Houts. (*Wright, supra*, 43 Cal.3d at pp. 497-498.) Along with these facts from the opinion, the petition makes a prima facie showing that defendant falls within the provisions of section 1170.95, as the facts indicate the defendant was convicted of felony murder, that he was not the actual killer, and there was no evidence that he harbored an intent to kill. (See §§ 189, subd. (e); 1170.95, subds. (a)(1)-(3), (c).)

As defendant requested counsel in his petition, his prima facie showing of eligibility under the statute required the court to appoint counsel, required the prosecutor to file and serve a response to the petition, and permitted defendant to file and serve a reply; and then after such briefing, the trial court should have determined whether defendant had made a prima facie showing of entitlement for relief. (§ 1170.95, subd. (c).) Thus, section 1170.95 envisions two prima facie showings by the petitioner: first, a prima facie showing of *eligibility* under the statute; and second, a prima facie showing of *entitlement* to relief under the statute. (*People v. Drayton* (2020) 47 Cal.App.5th 965, 975.)

Here, the trial court omitted both stages required by section 1170.95, subdivision (c), and resolved the ultimate issue without input from counsel. We therefore remand the matter for the trial court to follow the procedures of subdivision (c) after the

committed or attempted to commit the felony with a principal who was armed with a firearm.

11

showing of eligibility. We have determined the eligibility requirement was satisfied and on remand, after the appointment of counsel for defendant and briefing from both parties, a determination of whether defendant has made a prima facie showing that he is entitled to relief is to be made by the trial court. If so, the court must issue an order to show cause, followed by a hearing pursuant to section 1170.95, subdivision (d). In making its determination whether defendant has made a prima facie showing of entitlement to relief, the trial court may not engage in fact finding involving the weighing evidence. (*People v. Drayton*, *supra*, 47 Cal.App.5th at pp. 980-983.)

## DISPOSITION

The order of the superior court denying defendant's section 1170.95 petition is reversed. The matter is remanded with directions to appoint counsel for defendant, require a response from the People, permit a reply by defendant, and then the court is to determine whether defendant has made a showing of entitlement pursuant to section 1170.95, subdivision (c).

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
CHAVEZ


We concur:


_____, P. J.
LUI


_____, J.
ASHMANN-GERST


12