Filed 9/30/20  P. v. Hendrix CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B302997 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA004901) |
| v. | |
| ALTRIKEE EUGENE HENDRIX, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Allen J. Webster, Jr., Judge.  Reversed and remanded with directions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Susan Sullivan Pithey, Assistant Attorneys General, Zee Rodriguez and Paul S. Thies, Deputy Attorneys General, for Plaintiff and Respondent.

Altrikee Eugene Hendrix (defendant) appeals from the denial of his petition to vacate his 1991 murder conviction and for resentencing, filed pursuant to Penal Code section 1170.95.[1] He contends that the trial court erred in finding that he failed to present a prima facie case for entitlement to relief under the statute without first appointing counsel. Respondent agrees that defendant's petition satisfied the initial prima facie showing of eligibility for relief, and that the court erred in failing to appoint counsel and allow briefing. We find that the procedural requirements of the statute were not met. We thus reverse the trial court's order and remand with directions.

## BACKGROUND

### Senate Bill No. 1437

In 2018, the Legislature passed Senate Bill No. 1437 (S.B. 1437) in order to "revise the felony murder rule to prohibit a participant in the commission or attempted commission of a felony that has been determined as inherently dangerous to human life to be imputed to have acted with implied malice, unless he or she personally committed the homicidal act." (Senate Rules Com., Off. Of Sen. Floor Analysis, Rep. on Sen. Bill No. 1437 (2017-2018 Reg. Sess.) as amended Aug. 20, 2018, p. 6.) S.B. 1437 amended sections 188 and 189, effective January 1, 2019. (Stats. 2018, ch. 1015, § 2, eff. Jan. 1, 2019.) As amended, section 188 limits a finding of malice as follows: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought.

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated. All references to a statutory subdivision without mention of the code section are to section 1170.95.

Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)

Subdivision (e) of section 189 now requires that in order for a participant in the perpetration of a felony listed in section 189, subdivision (a) in which a death occurs, to be liable for murder, at least one of the following must be proven:

"(1) The person was the actual killer.

"(2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.

"(3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

Section 1170.95 was added by S.B. 1437 to provide a procedure by which those convicted of murder can seek retroactive relief if the changes in sections 188 or 189 would affect their previously affirmed convictions. (*People v. Martinez* (2019) 31 Cal.App.5th 719, 722.)

**Procedural requirements of section 1170.95**

A petition under section 1170.95, subdivision (a), must include the following:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.

3

"(2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.

"(3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

In addition the petition must include the petitioner's declaration showing eligibility for relief under this section, the superior court case number and year of conviction, and any requests for the appointment of counsel. (§ 1170.95, subd. (b)(1).) "If any of the information required by this subdivision is missing from the petition and cannot be readily ascertained by the court, the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information." (§ 1170.95, subd. (b)(2).)

If the court's initial review reveals a prima facie showing that petitioner falls within the provisions of this section and the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. (§ 1170.95, subd. (c).)[2] "The prosecutor shall file and serve a response . . . and the petitioner may file and serve a reply . . . . If the petitioner makes a prima

---

[2]    "[P]*rima facie* evidence is that which suffices for the proof of a particular fact, until contradicted and overcome by other evidence." (*Vaca V. & C.L. Railroad v. Mansfield* (1890) 84 Cal. 560, 566.)

4

facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (*Ibid*.) The trial court must then hold a hearing in which the prosecution has the burden to prove beyond a reasonable doubt that petitioner is ineligible for resentencing. If the prosecution fails to sustain its burden of proof the trial court is required to vacate the prior conviction and resentence the petitioner on the remaining charges. (§ 1170.95, subd. (d)(3).)

**Defendant's petition and prosecutor's response**

In 1991, defendant was convicted after a jury trial of first degree murder, first degree robbery with the use of a firearm, and two counts of second degree robbery. His conviction was affirmed on appeal in *People v. Hendrix* (Sept. 24, 1992, B062672) [nonpub opn.] In January 2019, defendant filed a petition for resentencing under section 1170.95, and requested appointment of counsel.

The petition alleged in relevant part that defendant had been convicted of first degree felony murder, and could not now be convicted under the amendments to sections 188 and 189, effective January 1, 2019, because he was not the actual killer and did not, with intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killing in the commission of the murder. The petition also alleged that he was not a major participant in the felony or did not act with reckless indifference to human life during the course of the crime, and that the victim was not a peace officer.

Prior to making a determination whether the petition stated a prima facie showing that defendant came within the terms of the statute, the trial court permitted the prosecutor to file a "return" or "informal response," and scheduled a hearing

5

without appointing counsel for defendant. The prosecutor filed a memorandum of points and authorities in opposition to the petition and appended a copy of the transcript of the prosecution's case-in-chief in defendant's murder trial, as well as the jury instructions given. Included in the prosecutor's exhibits was the appellate decision in *People v. Hendrix, supra*, B062672, which contained the following: "On January 21, 1990, appellant was among a group of three men who robbed Margie Owens at gunpoint. Later that evening, appellant and two accomplices robbed Sylvia Bentley at gunpoint in her home. On January 22, 1990, at approximately 2:30 a.m., appellant and one accomplice attempted to rob James Daly [*sic*] and shot him to death when he resisted. The two robbers fled, one taking Daly's car." A hearing on the petition at which only the prosecutor appeared was held.

The partial trial transcript appended to the prosecutor's opposition showed that sometime before 9:30 p.m. on January 21, 1990, defendant and another man robbed Margie Owens (Owens) and two other women at gunpoint as they sat in a car, and then ran across the street to a gas station. Owens identified defendant as the one who held the gun after the other man passed it to him. Sometime after 10:00 p.m. the same night, defendant and two other men participated in an armed robbery at the home of Sylvia Bentley (Bentley), who was the girlfriend of defendant's drug dealer, James "Speedy" Dailey (Dailey). Dailey conducted his narcotic sales from a telephone booth at the same gas station to which defendant and another man ran after robbing Owens.

An hour or two after the robbery at Bentley's home, defendant and two other men went back to the gas station, lingering there and in the motel parking lot next to the station. Dailey's white car turned into the gas station, and Dailey got out

6

to use the telephone, leaving the door open. Then two of the men approached, and one of them struggled with Dailey for the keys and then got into the car and drove. When Daily ran into the street toward the car, one of the men shot him. Two men then ran toward Dailey's moving car. One was able to get in but the other was not, and the car left the scene. One witness testified that she was about 40 feet away when one of the men ran past her after the shooting. She identified defendant as that person. Another witness testified at trial that she did not get a good look at the men, but at preliminary hearing, she testified that she did get a good look and defendant was not one of them. A third witness identified a photograph of defendant as resembling one of the three men he saw in the area before the shooting.

In a police interview two months after the murder, defendant admitted the robberies of Owens and Bentley, but denied the murder. Defendant said that he knew that Bentley was Dailey's girlfriend and thought that Dailey would probably come after him to kill him for robbing her.

**The trial court's order**

The trial court denied the petition on October 23, 2019. In that order the court found that defendant was a direct aider and abettor of the actual killer and acted with reckless indifference to human life. The court concluded that defendant could not make a prima facie showing that he is eligible for resentencing under section 1170.95.[3] Defendant filed a timely notice of appeal from the court's order.

---

[3] Our review of the jury instructions attached to the prosecutor's opposition shows that in addition to a direct aiding and abetting instruction, the jury was presented with instructions regarding felony murder based upon a killing during

## DISCUSSION

Upon receipt of a section 1170.95 petition, a trial court is required to determine whether it contains all required allegations and necessary factual information, or whether any missing information is readily ascertainable. (See § 1170.95, subd. (b)(2).) If the information available for review by the court does not refute the facially sufficient allegations as a matter of law, the court is required to determine whether defendant has made a prima facie showing of eligibility under the statute, pursuant to the procedures set forth in subdivision (c). (See *People v. Drayton* (2020) 47 Cal.App.5th 965, 968 (*Drayton*); *People v. Verdugo* (2020) 44 Cal.App.5th 320, 327-328, review granted Mar. 18, 2020, S260493 (*Verdugo*).) Facially sufficient allegations may be refuted as a matter of law where, for example, the record of conviction shows that defendant was not actually convicted of murder (*Verdugo*, at p. 330), or where the jury found that the defendant personally and intentionally used a firearm to commit murder, indicating that he was the actual killer. (*People v. Cornelius* (2020) 44 Cal.App.5th 54, 56-58, review granted Mar. 18, 2020, S260410.)

In determining eligibility, a trial court may review, if necessary, any readily ascertainable information such as the record of conviction, which may include the appellate record and any appellate decisions. (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137-1138, review granted Mar. 18, 2020, S260598; *Verdugo*, *supra*, 44 Cal.App.5th at pp. 329-331.) "The court's role at this stage is simply to decide whether the petitioner is

_____

a robbery or attempted robbery, and second degree murder under the natural and probable consequences doctrine.

ineligible for relief as a matter of law, making all factual inferences in favor of the petitioner. [Citation.]" (*Verdugo*, at p. 329.) "If the trial court determines a petitioner has made a prima facie showing of eligibility for relief, the court proceeds to the 'second' inquiry into the prima facie showing under section 1170.95(c). [Citation.] In this second step, the trial considers whether the petitioner has made a prima facie showing of *entitlement to* (rather than eligibility for) relief." (*Drayton*, *supra*, 47 Cal.App.5th at p. 976, citing *Verdugo, supra*, 44 Cal.App.5th at p. 330.)

Here, when the trial court received defendant's petition, it allowed the prosecutor to file a "return" or "informal response," possibly following habeas corpus procedure. (See generally, *People v. Romero* (1994) 8 Cal.4th 728, 737.) However, at the initial stage of determining eligibility, "habeas corpus procedures are inapposite because of the "'heavy burden'" on habeas petitioners to show entitlement to relief and because habeas petitioners retain the burden of persuasion." (*Drayton, supra*, 47 Cal.App.5th at p. 979.) There are "significant differences between section 1170.95 and habeas corpus procedures. . . . [A] petitioner seeking habeas corpus relief bears both a burden of pleading and proof. . . . [¶] By contrast, the petitioner under section 1170.95 bears only the burden of making the initial prima facie showings set out in section 1170.95(c). Once the trial court issues the order to show cause, the burden of proof shifts to the prosecution." (*Id*. at pp. 979-980.) "[B]ecause the petitioner does not bear the ultimate burden of proof under section 1170.95, 'the superior court's issuance of an order to show cause [under section 1170.95(c)] is only an assessment that petitioner

has met a pleading burden, not a production burden.'" (*Id*. at p. 980.)

Section 1170.95 does not call for a response from the prosecutor until the first prima facie showing under subdivision (c) is satisfied, and then the prosecutor may file a response, counsel, if requested, is appointed, and the petitioner may file a reply. (§ 1170.95, subd. (c).) Although these procedures were not followed in this case, the partial reporter's transcript of the trial, the jury instructions, and the appellate decision provided in the prosecutor's response were documents that the trial court could properly review from its own file.[4] (See *People v. Lewis*, *supra*, 43 Cal.App.5th at pp. 1137-1138; *Verdugo*, *supra*, 44 Cal.App.5th at pp. 329-331.) Our review of the partial transcript, the jury instructions and the appellate decision reveals that the only allegation in defendant's petition that was refuted as a matter of law was the alternative allegation that defendant was convicted of second degree murder. Otherwise, the documents did not reveal facts that would refute, as a matter of law, the allegations that defendant was convicted of first degree murder under the felony murder rule, was not the actual killer, and did not act with reckless indifference to human life. We thus conclude that the initial prima facie showing of section 1170.95, subdivision (c) was satisfied.

---

[4]     The prosecution also included documents and argument to support its assertion that S.B. 1437 was unconstitutional. The trial court did not rule on the contention and respondent does not renew the claim here. We observe that several appellate courts have rejected such a contention. (See, e.g., *People v. Smith* (2020) 49 Cal.App.5th 85, 91, and the cases cited therein.)

Whether defendant harbored an intent to kill is a question of fact. (See *People v. Hayes* (1985) 38 Cal.3d 780, 788.) Whether a defendant was a major participant and acted with a reckless disregard for human life are also questions of fact. (See *People v. Banks* (2015) 61 Cal.4th 788, 803-812.) The trial court made factual findings and drew inferences against defendant's position in concluding that "petitioner was a major participant who acted with reckless indifference to human life. Petitioner was at the scene of the murder when an accomplice shot the victim in the head four times killing him.[5] After the shooting, petitioner was observed by two percipient witnesses fleeing the scene of the crime. Petitioner by his presence and behavior obviously aided and abetted, assisted, facilitated, and encouraged the actual killer in the commission of the murder."

As it appears that the trial court made factual findings and drew inferences to reach its conclusions, the trial court found defendant ineligible, not as a matter law, but by resolving factual issues contained in the record. As defendant made a prima facie showing of eligibility, it was premature for the court to resolve the issue of entitlement to relief without first appointing counsel, allowing defendant to make a showing of entitlement to relief, and issuing an order to show cause. (See § 1170.95, subd. (c).) It was also premature to consider the prosecutor's opposition at the eligibility stage.

---

[5] The medical examiner testified that Dailey died from a single gunshot wound after the bullet entered his left shoulder and lodged in his neck.

11

## DISPOSITION

The order denying defendant's section 1170.95 petition is reversed. The matter is remanded with directions to appoint counsel for defendant, allow defendant to file a reply to the opposition, to consider the issuance of an order to show cause, and to then proceed in accordance with the statutory requirements.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
CHAVEZ

We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
HOFFSTADT